**HUGHES TOOL CO. v. ROBERTSON ROCK BIT CO., Inc. et al.**

Civ. No. 426.

United States District Court
N. D. Texas, Wichita Falls Division.

Nov. 19, 1948.

George I. Haight, and Edward A. Haight, both of Chicago, Ill., Robert F. Campbell, of Houston, Tex., and John Humphrey, of Wichita Falls, Tex., for plaintiff.

Darby & Darby, Floyd H. Crews, and Harvey W. Mortimer, all of New York City, and Arch Dawson, of Wichita Falls, Tex., for defendants.

ATWELL, Chief Judge.

The plaintiff claims ownership of certain rotary drilling patents, which it leases to residents of the United States and which it sells in foreign countries. The tool made under these patents has a legend stamped on it showing lease and identifying number.

It alleges that the defendants are infringing and it seeks injunction and damages.

The defendants, who are corporate and individual, answer, attacking plaintiff's title, alleging unfair use, lack of invention and anticipation.

Most of the Rules that govern the trial court are so well known, that it would be trite to repeat them. But I think it all right to state that the plaintiff in a patent infringement case has the burden of proving infringement. Also, it may be stated that letters patent are prima facie evidence of patentability.

The title to the patents is offered as sustaining the plaintiff's right to manufacture a certain article, or, articles, under them, and they are found to be the property of the plaintiff corporation.

In an infringement suit, the defendant who claims anticipation, must show prior art beyond a reasonable doubt. A patentee's claim covers only what is both described and claimed. No matter how broad nor how long the language of the claims may be, that is the rule. A patent in litigation must stand on the original specifications, and claims, or, it cannot stand at all.

If we apply those ABCs of patent litigation, I think the court must find that the patents here sued on by the plaintiff, the specifications and claims that are set out in its petition under said pleaded pat-

ents, are valid. Likewise, that they are infringed. If I go a step further and make another test as to this patent, I find it is a commercial success.

The plaintiff with its many-acred plant in Harris County, has five thousand employees, something over two hundred of whom are engaged in the superintending of the leased tool—not the sold tool, but the leased tool, and with reference to that leased tool, I hold it is not an unclean-handed contract. The plaintiff receives reports of the success, or, failures, of its leased tools and then gathers them up and has them returned to it at Houston. These are leased tools.

I also find that this tool is highly successful commercially. It furnishes a rapid method of drilling an oil well through either rock, hard substances, or, mushy substances. It has its own lubrication, its own bearings, to decrease the liability of getting so hot it cannot work. It has teeth, well fixed, and staggered, and that do not track, as it revolves in the bottom of the hole. It cleans, removes and works up all that the revolving tool loosens, and, it loosens uniformly.

As to the question of damages, I do not see any necessity for the appointment of a Master.

While it is true that Mr. Robertson who, himself, has done some re-organizing of his corporations, finally winds up with some 74% of the corporate stock, 25% owned by some gentleman in New York and one share owned by another, so that Robertson owns 74%. He has persisted, and states he proposes to persist, if necessary, in getting a part here and a part there and putting them together.

This is a simple patent, and may be understood without expert testimony. Of the two experts used, the plaintiff's is the more creditable.

There is no question about infringement, the workability of the tool, nor its success.

As a legal conclusion, I find validity, infringement, no unclean hands, no necessity for a Master, and, therefore, a decree for the plaintiff enjoining the defendants, is granted.