# HUGHES TOOL CO. v. CHICAGO PNEU-MATIC TOOL CO.
## Civ. A. No. 3685.

United States District Court
W. D. Oklahoma.
May 18, 1950.

George I. Haight and Edward A. Haight, Chicago, Ill., Lynn Adams, of Bohanon & Adams, Oklahoma City, Okl., (Robert F. Campbell and Ray L. Smith, Houston, Tex., on the brief), for plaintiff.

Floyd H. Crews, New York City, Raymond G. Mullee, New York City. (Darby & Darby, Harvey W. Mortimer, New York City, Wm. F. Hall, Washington, D. C., and Bruce McClelland, Oklahoma City, Okl., on the brief), for defendant.

VAUGHT, Chief Judge.

The plaintiff filed its complaint alleging that it is the owner of four patents and that the defendant is infringing them, and seeks to enjoin further infringement of them and to recover damages sustained, together with its costs and reasonable attorneys' fees, and for such other relief as to the court may appear proper.

Specifically it alleges that it is the owner of :(1) United States Letters Patent No. 1,856,627 issued on May 3, 1932, for an invention on drill cutters; (2) United States Letters Patent No. 1,983,316 issued on December 4, 1934, for an invention on a three cone bit; (3) United States Letters Patent No. 2,011,084 issued on August 13, 1935, for an invention in mounting for drill cutters; and (4) United States Letters Patent No. 2,030,442 issued on February 11, 1936, for an invention in a roller bearing bit. It contends that the defendant is infringing each of said letters patent by selling, in this district and elsewhere, rotary drill bits embodying and containing each of the inventions patented in said letters patent, and will continue to do so unless enjoined and restrained by the court, more particularly the rotary drill bits being sold by the defendant embodying and containing Claims 1, 2 and 3 of Patent No. 1,856,627; Claims 1, 2 and 3 of Patent No. 1,983,316; Claims 1, 2 and 3 of Patent No. 2,011,084; and Claims 4, 6, 8, 12, 13, 14 and 15 of Patent No. 2,030,442.

The defendant filed its answer and counterclaim denying the alleged infringement and that the court has jurisdiction of the person of the defendant or the subject matter. It admits the issuance of the letters patent enumerated in the complaint but denies that the plaintiff owns the same. It alleges that the claims are invalid, that the plaintiff has misused the patents, and that the plaintiff is estopped from asserting its claims, setting forth in detail the reasons therefor. It further alleges estoppel by laches.

In its counterclaim and amendment thereto, the defendant alleges that it is the owner of (1) United States Letters Patent No. 1,997,345 issued on April 9, 1935, for an invention in a roller cutter assembly for earth boring drills; (2) United States Letters Patent No. 1,835,523 issued on December 8, 1931, for an invention by Clarence E. Reed in an earth boring drill; (3) United States Letters Patent No. 1,865,706 issued on July 5, 1932, for an invention by Clarence E. Reed in an earth boring drill; (4) United States Letters Patent No. 2,047,110 issued on July 7, 1936, for an invention by Clarence E. Reed in an earth boring apparatus; (5) United States Letters Patent No. 2,058,624 issued on October 27, 1936, for an invention by Clarence E. Reed in a roller cutter drill; and (6) United States

Letters Patent No. 2,065,742 issued on December 29, 1936, for an invention by Clarence E. Reed in a roller cutter spindle and bearing assembly for earth boring drills. It contends that the plaintiff is infringing the letters patent by selling or leasing, in this district and elsewhere, rotary drill bits embodying and containing each of the inventions covered by said six letters patent, more particularly Claims 1, 3 and 6 of Patent No. 1,835,523; Claims 2, 13, 15, 16, 17 and 18 of Patent No. 1,865,706; Claims 35, 36, 37 and 42 of Patent No. 2,047,110; Claims 1, 2, 3, 4, 9, 10, 11 and 12 of Patent No. 2,058,624; and Claims 5 and 7 of Patent No. 2,065,742. It prays for injunctive relief, damages, an accounting of profits, together with costs and reasonable attorneys' fees, and such other relief as to the court may seem just.

The plaintiff filed its reply to defendant's counterclaim denying the infringement alleged therein. It admits the issuance of the six letters patent but denies that defendant owns all of said patents set forth in its counterclaim. It alleges that the claims said to be infringed are invalid, setting forth the reasons therefor.

■ The record is voluminous. Most of the witnesses were experts in mechanical engineering and the exhibits are plans and drawings, of a technical nature, of devices upon which United States Letters Patent have been issued. It is a difficult task for the lay mind to attempt to comprehend the full import of the testimony of experts in such situations, and particularly, when the experts themselves do not agree. Thus we resort to the common rules for weighing evidence. Consideration must be given the demeanor of the witness on the stand, his manner of testifying, his interest or lack of interest in the outcome of the case, his candor or lack of candor, and if he is an expert, his education and background, his experience or lack of experience in the particular field about which he testifies, and from all the facts and circumstances, reach a proper conclusion.

The devices under consideration and upon which letters patent have been issued have to do with hard substance drilling bits used in rotary rigs in drilling oil wells.

The plaintiff claims the defendant is infringing four patents: Claims 1, 2 and 3 of No. 1,856,627, the "Fletcher Patent" Claims 1, 2 and 3 of No. 1,983,316, the "Scott-Garfield Patent"; Claims 1, 2 and 3 of No. 2,011,084, the "Scott Patent"; and Claims 4, 6, 8, 12, 13, 14 and 15 of No. 2,030,442, the "Garfield and Scott Patent." All of these patents have been the subject of litigation in one phase or another, and in some court each patent and the claims involved here have been found to be valid. In Hughes Tool Company v. United Machine Company et al., D.C.Tex.1939, 35 F. Supp. 879, Claims 1, 2 and 3 of No. 1,856,627 and Claims 7 to 15, inclusive, of No. 2,030,442, were held valid; in Williams Iron Works Company v. Hughes Tool Company, 10 Cir., 1940, 109 F.2d 500, Claims 1, 2, and 3 of No. 1,856,627 and Claims 1 to 15, inclusive, of No. 2,030,442, were held valid; in Robertson Rock Bit Company, Inc., et al., v. Hughes Tool Company, 5 Cir., 1949, 176 F.2d 783, Claims 1, 2 and 3 of No. 1,983,316, Claims 1, 2 and 3 of Patent No. 2,011,084, and Claims 4, 6, 8, 12, 13, 14 and 15 of No. 2,030,442, were held to be valid; and in Hughes Tool Company v. Williams, D.C.Okl.1949, 82 F.Supp. 408, Patents No. 1,856,627 and No. 1,983,316 were under attack and were held valid.

■ The opinions in the cases above cited support the conclusion of this court that all the questions of any importance that are raised by the defendant here as to the validity of these patents have been judicially determined. And while this court is not foreclosed by these decisions, they are at least very persuasive, and we are constrained to hold that the patents and the claims involved are each and all valid, and that the titles to said patents are vested in the plaintiff.

■ The defendant contends that the plaintiff is estopped to assert infringement of the patents set up in the complaint, and in its brief and argument of counsel devotes considerable time to that phase of the defense. The court has given careful and lengthy consideration to the argument of defendant's counsel, together with the portions of the record and the authorities cited, which they contend uphold their

848

theory of this defense. Without going into tedious detail, the court is of the opinion that the defense is wholly without merit. We find nothing misleading or deceptive, upon which the defense of estoppel could be reasonably based. The defendant claims that in its reliance upon the dismissal secured by the plaintiff of a suit between the parties filed in Delaware, in which it asserts the plaintiff "unequivocally renounced any claim of infringement," it expended "over $400,000 expanding its facilities for the manufacture of rock bits." We find nothing in the record that would justify that defense.

Since the trial of this cause, in the two cases of Chicago Pneumatic Tool Company v. Hughes Tool Company, 10 Cir., 180 F.2d 97, 101, the court held adversely to the contentions of the defendant with reference to the misrepresentation and deception claimed by the defendant, upon which it bases its defense of estoppel here. The opinion stated: "We find nothing in the record to support a charge of deception or misrepresentation. There may have been a renunciation as to infringements prior to 1944 of bits G and K, but since, in the instant suit, no charge of infringement of those bits is any longer involved, that issue is non-existent."

The defendant contends that the plaintiff is estopped from maintaining any infringement action on the patents set out in its complaint because of "unclean hands" due to the misuse of the patents as alleged in its answer. The court has carefully considered the evidence introduced to support these contentions, and without attempting to go into detail, finds generally that the matters and things complained of do not constitute misuse of the patents of the plaintiff or the defense of "unclean hands" within the purview of the law. One of the contentions of misuse relied upon by the defendant is the system employed by the plaintiff in distributing its rotary bits to the users of such devices covered by the patents. The defendant claims that the leasing of the bits amounts to an outright sale. This is not a new contention in this court, nor in other courts, concerning this phase of the case, and the courts have consistently held that the lease agreement of the plaintiff in the distribution of its bits does not amount to a sale, but is a valid lease agreement. See Hughes Tool Company v. United Machine Company et al., supra, D.C.Tex.1939, 35 F.Supp. 879; Hughes Tool Company v. Owen et al., 5 Cir., 1941, 123 F.2d 950; Hughes Tool Company v. Robertson Rock Bit Co., Inc., et al., D.C.Tex.1948, 80 F.Supp. 809; and Robertson Rock Bit Co., Inc., et al. v. Hughes Tool Company, supra, 5 Cir., 1949, 176 F.2d 783. Neither do we find that the plaintiff is guilty of laches, as contended by the defendant.

As to the counterclaim of the defendant in which it alleges that six of its patents are infringed by the plaintiff. The complaint was filed July 19, 1947; the answer and counterclaim of the defendant was filed January 13, 1948. In the original counterclaim, the defendant alleged infringement of one patent only, Letters Patent No. 1,997,-345 issued to Clarence E. Reed, of Wichita, Kansas, on April 9, 1935, for an invention in a roller cutter assembly for earth boring drills. The amendment to the counterclaim, filed on April 12, 1948, alleged infringement of five additional patents: No. 1,835,-523, No. 1,865,706, No. 2,047,110, No. 2,-058,624 and No. 2,065,742. It filed an amendment to paragraph 6 of its answer on January 24, 1949 and on May 20, 1949, filed an amendment of the prayer in the pleading.

In the plaintiff's proposed findings of fact and conclusions of law, No. 33 reads as follows: "Subsequent to the filing of the complaint herein, the defendant acquired title to Reed patents No. 1,-865,706, No. 1,997,345, No. 2,047,110, No. 2,-058,624 and No. 2,065,742 for the purpose of asserting them in its counterclaim in this cause." The defendant, in its memorandum re plaintiff's proposed findings of fact and conclusions of law, agrees that this finding is true. Thus it appears that at the time this cause was filed, the only patent involved here that the defendant claimed to own was No. 1,835,523. Under these circumstances the court is not seriously impressed with the position of the defendant in asserting these claims. However, we have carefully considered the evidence offered in support of the

defendant's counterclaim, together with the authorities cited in support thereof. Without going into detail, the court is of the opinion that the evidence does not show infringement by the plaintiff of the six patents enumerated in the counterclaim of the defendant, for the reasons set forth in the findings of fact and conclusions of law filed herewith. It is the opinion of the court that the defendant is not entitled to the relief sought in its counterclaim.

The findings of fact, except No. 35, and the conclusions of law, except No. 7, submitted by the plaintiff are hereby approved and made the findings and conclusions of this court. A form of judgment, consistent with this opinion and the findings of fact and conclusions of law herein approved, may be submitted within thirty days from this date.