**MINNESOTA MINING & MANUFACTUR-
ING CO. v. COE, Commissioner of
Patents.**

**No. 7533.**

United States Court of Appeals for the
District of Columbia.

Argued Oct. 13, 1941.

Decided Dec. 22, 1941.

Mr. Harold J. Kinney, of St. Paul, Minn. with whom Mr. Charles S. Grindle, of Washington, D. C., was on the brief, for appellant.

Mr. Clarence W. Moore, of Washington, D. C. with whom Mr. W. W. Cochran, Solicitor, United States Patent Office, of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and VINSON and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

This is a suit under R.S. § 4915, 35 U.S. C.A. § 63, to obtain a patent on an abrasive article in the nature of sandpaper. On the court's own motion the case was reheard on October 13, 1941, together with No. 7400, Sharp v. Coe, —— App.D.C. ——, 125 F.2d

185, and No. 7374, Dyer v. Coe, —— App. D.C., ——, 125 F.2d 192, upon the question, common to all three cases, whether a court in passing upon the patentability of claims rejected by the Patent Office may use allowed claims as a measure of patentability. This question was reargued, and briefs thereon were presented, before Justices VINSON, EDGERTON and RUTLEDGE. After the rehearing it was stipulated that the question might be submitted to Chief Justice GRONER, who had sat in the original argument. Justice RUTLEDGE did not participate in the decision.

The claims are those of the Guth application, No. 347,159, filed March 14, 1929. They relate to sandpaper bonded with a particular type of synthetic resin, especially a particular type of alkyd resin resulting from the interaction or condensation of three reactants. Two of the claims are further specific in regard to the binder, in that they call for a resinified or condensation product of a phenol and an aldehyde in admixture with a polybasic acid such as phthalic anhydride and a polyhydric alcohol such as glycerine. Five related and overlapping claims were allowed by the Patent Office, and several other claims were abandoned. The appealed claims were held by the Patent Office and the District Court to lack invention. Appellee concedes novelty and commercial success, and does not deny utility.

The court found that sandpaper made in accordance with the appealed claims has had large commercial success. Appellant requested an express finding concerning utility, and complains that none was made; but it recognized, both at the trial and here, that utility had, in effect, been found. The court found as conclusions of law that the appealed claims were not inventive or patentable over the references. Strictly, these are findings of fact, and should be made as such, in accordance with Rule 52(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The common practice of designating findings on invention and patentability, and underlying findings which support them, as conclusions of law is erroneous.[1] But the error here was a formal one, and did appellant no harm; moreover, it was not called to the attention of the District Court. For these reasons, we do not think it necessary or useful to remand the case. The court did not make a finding concerning novelty, though appellant urged it to do so; but it considered novelty in making its decision. While an express finding on the point might well have been made, omission to make it did not affect the result and is not reversible error. It is enough that the findings, taken together, give us "a clear understanding of the basis of the decision."[2]

Appellant concedes that Weber patent No. 1,690,515, Strafford patent No. 1,977,652, and Adams patent No. 1,893,874, while they do not refer specifically to sandpaper, disclose the resinous composition which is described in several of the appealed claims. Taking into consideration everything which appellant asks us to take into consideration, including the relation between the appealed claims, certain allowed claims, and certain claims of Guth patent No. 2,202,765 and other patents, we cannot say that it was clearly inventive to substitute the resinous composition of Weber, etc., or the more specific compositions disclosed in the other appealed claims, for the resinous bonds which had previously been used in sandpaper. As we ruled in Sharp v. Coe, decided this day, the action of the Commissioner on allowed claims is not a conclusive measure of the patentability of rejected claims. Patentability of the latter must be determined ultimately by comparison with the prior art, although the Commissioner's action on allowed claims may be taken into consideration, together with other relevant evidence, in determining the patentability of rejected claims. It follows that we must affirm.[3] This makes it unnecessary to rule upon appellee's motion to strike parts of appellant's brief.

Affirmed.

[1] United States v. Esnault-Pelterie, 299 U.S. 201, 57 S.Ct. 159, 81 L.Ed. 123.
[2] Shellman v. Shellman, 68 App.D.C. 197, 198, 95 F.2d 108; Societe Suisse, etc., v. Cummings, 69 App.D.C. 154, 156, 99 F.2d 387; Goodacre v. Panagopoulos, 72 App.D.C. 25, 27, 110 F.2d 716.
[3] Abbott v. Coe, 71 App.D.C. 195, 109 F.2d 449.