**POLAROID CORPORATION et al. v. MARK-HAM, Alien Property Custodian, et al.**

No. 8854.

United States Court of Appeals District of Columbia.

Argued May 17, 1945.

Decided Sept. 24, 1945.

See also 79 U.S.App.D.C. 383, 148 F.2d 219.

Mr. Charles Mikulka, of New York City, pro hac vice, by special leave of Court, with whom Messrs. Cecil A. Beasley, of Washington, D. C., and Nathaniel R. French, of Cambridge, Mass., were on the brief, for appellants.

Mr. B. F. Garvey, Special Assistant to the Attorney General, with whom Messrs. Harry LeRoy Jones, Chief, Alien Property Litigation Unit, and Irving J. Levy, Chief Trial Attorney, Department of Justice, both of Washington, D. C., were on the brief, for appellee Alien Property Custodian.

Messrs. W. W. Cochran, Solicitor, United States Patent Office, and E. L. Reynolds, both of Washington, D. C., entered appearances for appellee Commissioner of Patents.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

PER CURIAM.

This is an appeal from a judgment of the District Court in a suit under R.S. § 4915 [1] to obtain a patent. The claim relates to a polarizing film placed between layers of transparent material. The film merges gradually, with decreasing polarizing effect, into the surrounding material. In December, 1939, a patent on this claim was awarded to Sauer, a German national whose rights are now vested in appellee the Alien Property Custodian. In June, 1940, Smith filed an application on the same claim. In an interference proceeding, priority was awarded to Sauer. Smith and his assignee the Polaroid Corporation, the present appellants, then brought this suit. The District Court, after a hearing, dismissed the complaint.

It is not disputed that appellant Smith was the first to conceive the idea. In order to establish priority of invention Smith produced evidence to show (1) that he had been first to reduce the invention to practice and (2) that Sauer's disclosure was inoperative. This evidence was uncontradicted. The District Court made the following "Findings of Fact": "9. For the purpose of proving inoperativeness of the Sauer specification * * * the witness Blake was examined by plaintiff * * *. 12. Chubb testified that under the direction of Smith, on April 17, 1936 a sheet of polarizing material having a tapering thickness * * * was made by him * * *. 13. Additional testimony from the witnesses Chubb, Blake and Smith was obtained * * * on the issue of actual reduction to practice of Smith." The court also made "Conclusions of Law" which included the following: "4. The plaintiff Smith has failed to prove reduction to practice of the invention at issue, prior to his filing date, June 26, 1940. 5. Proofs offered by the plaintiffs herein failed to show inoperative-

[1] 35 U.S.C.A. § 63.

ness of the defendant Sauer's specification as to the subject matter of the count here at issue. 6. Sauer is the first inventor * * *."

■ Reports of testimony, without more, are not adequate findings of fact. Since operativeness, reduction to practice, and priority of invention are questions of fact, it was error to designate findings on these matters as conclusions of law. This error would be largely formal, and probably would not require a remand, if we could get a clear understanding of the basis of the court's judgment. Cf. Minnesota Mining & Mfg. Co. v. Coe, 75 U.S.App.D.C. 131, 125 F.2d 198. But we cannot tell, from the findings and conclusions, whether the court disbelieved the uncontradicted testimony of appellants' witnesses or whether it considered that this testimony though true failed for some reason or reasons of law to establish inoperativeness and reduction to practice. The record of the proceedings in the Patent Office does not help us; no evidence was offered there on the issue of inoperativeness, and on the issue of reduction to practice the appellants presented considerable additional evidence in the District Court. Accordingly we must set aside the judgment and remand the case for a fuller compliance with the requirement of Federal Rules of Civil Procedure, Rule 52(a) [2] that the court "find the facts specially and state separately its conclusions of law thereon * * *." Cf. United States v. Esnault-Pelterie, 299 U.S. 201, 57 S.Ct. 159, 81 L. Ed. 123; Interstate Circuit, Inc. v. United States, 304 U.S. 55, 58 S.Ct. 768, 82 L.Ed. 1146; Saginaw Broadcasting Co. v. Federal Communications Commission, 68 App.D.C. 282, 287, 96 F.2d 554.

Remanded.

[2] 28 U.S.C.A. following section 723c.