**POLAROID CORPORATION et al. v.
CLARK et al.**

**No. 9349.**

United States Court of Appeals
District of Columbia.

Argued Nov. 22, 1946.

Decided Jan. 13, 1947.

Mr. Donald L. Brown, of New York City, of the Bar of the State of New York, pro hac vice, by special leave of court, with whom Mr. Cecil A. Beasley was on the brief, of Washington, D. C., for appellants.

Mr. Charles Albert Webb, of Washington, D. C., also entered an appearance for appellants.

Mr. David Schwartz, Chief Trial Atty., Claims Division, Department of Justice, of Washington, D. C., with whom Mr. Harry

LeRoy Jones, Sp. Assst. to the Atty. Gen., was on the brief, for appellee Clark.

Messrs. W. W. Cochran, Sol., U. S. Patent Office, and E. L. Reynolds, U. S. Patent Office, both of Washington, D. C., entered appearances for appellee Ooms.

Before EDGERTON, CLARK and WILBUR K. MILLER, Associate Justices.

WILBUR K. MILLER, Associate Justice.

In December, 1939, one Sauer, a German national, was granted a patent on a claim relating to a polarizing film which, placed between two layers of transparent material, merged gradually into that material, with decreasing polarizing effect.

Smith, one of the appellants, filed an application on the same claim in June, 1940, and, in an interference proceeding, priority was awarded to Sauer. Smith and his assignee, Polaroid Corporation, sued in the District Court of the United States for the District of Columbia, under R.S. § 4915, 35 U.S.C.A. § 63, for a patent, and made the Alien Property Custodian, to whom by that time Sauer's rights had passed, a party defendant.

At the hearing in the District Court, it was not disputed that Smith was the first to conceive the idea. Testimony for Smith and Polaroid, which was the only proof introduced, established priority of invention, according to their contention, because they said it showed that Smith had been the first to reduce the invention to practice, and that Sauer's disclosure was inoperative.

When the District Court disagreed and dismissed their complaint, Smith and Polaroid appealed to this court. We set aside the judgment of the District Court and remanded the case[1] for a fuller compliance with Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for reasons thus stated in our opinion: "Reports of testimony without more, are not adequate findings of fact. Since operativeness, reduction to practice, and priority of invention are questions of fact, it was error to designate findings on these matters as conclusions of law. * * * we cannot tell, from the findings and conclusions, whether the court disbelieved the

[1] Polaroid Corporation v. Markham, Alien Property Custodian, 80 U.S.App.D.C. 225, 151 F.2d 89.

uncontradicted testimony of appellants' witnesses, or whether it considered that this testimony, though true, failed for some reason or reasons of law to establish inoperativeness and reduction to practice."

When the case was returned to it, the District Court considered it further, filed expanded findings of fact and conclusions of law, and dismissed the complaint. Smith and Polaroid again appeal.

In the new findings, the court pointed out wherein it considered the testimony of appellants' witnesses had failed to establish reduction to practice by Smith in 1936 or 1937, as appellants claimed, or at any time prior to their filing date of June 26, 1940, and then found as a fact that there had been no such reduction to practice. The new findings also specified how, in the court's opinion, the appellants' witnesses had failed to show Sauer's disclosure to be inoperative, and found as a fact that inoperativeness had not been proved.

 It is our settled rule not to disturb findings of fact made by the trial court unless an examination of the evidence convinces us that the findings are clearly wrong; moreover, a decision of the Patent Office officials should be, and is, given great weight and is overcome only by clear proof of mistake.[2]

██ Our review of the evidence does not lead us to conclude that the findings of the court were clearly wrong. Its judgment, therefore, must be, and is,

Affirmed.

Mr. Howard C. Westwood, of Washton, D. C. (appointed by this Court) for appellant.

Mr. Sidney S. Sachs, Assistant United States Attorney, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney at the time the brief was filed, George E. McNeil, United States Attorney at the time the supplemental brief was filed, and Joseph F. Lawless, Assistant United States Attorney, all of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and WILBUR K. MILLER and PRETTY-MAN, Associate Justices.

---

[2] Abbott v. Coe, 71 App.D.C. 195, 109 F.2d 449.