**HUGHES TOOL CO. v. WILLIAMS.**

Civil Action No. 3788.

United States District Court
W. D. Oklahoma.

Feb. 3, 1949.

George I. Haight and Edward A. Haight, both of Chicago, Ill., Robert F. Campbell, of Houston, Tex., and Lynn Adams, of Oklahoma City, Okl., for plaintiff.

Robert Davis, of Washington, D. C., C. M. McKnight, of Tulsa, Okl., and Herbert K. Hyde, of Oklahoma City, Okl., for defendant.

VAUGHT, Chief Judge.

On November 19, 1947, the plaintiff filed its complaint alleging in substance that it is a manufacturer of rock bits used in the drilling of oil wells and is the owner of two patents covering said bits, being Letters Patent No. 1,856,627 and Letters Patent No. 1,983,316. The plaintiff further alleged that the defendant has for a long time past, and is now, infringing said patents by "making, reconstructing and selling" well drills embodying said patented inventions, and will continue to do so unless enjoined by this court. That the infringement consists of the following acts: The defendant has, and is, procuring bits originally manufactured by the plaintiff embodying the inventions of said patents, which bits are leased by plaintiff to well drillers for use by them, and the defendant then welds new metal on the worn cutter shell of the bits and builds new teeth thereon. That these acts constitute reconstructing and rebuilding of the cutters and bits in infringement of said patents, and it prays for an injunction, damages, attorney fees and costs. In a second count of the complaint it alleged the defendant has converted its bits to his own use and seeks damages for such conversion.

The defendant has filed his answer which consists of a general denial and other defenses. He admits the issuance of the letters patent but denies they were "duly and legally" issued. He admits welding of new metal onto worn teeth of the cutter shells of rotary drill bits, some of which were originally manufactured by the plaintiff; that the plaintiff is engaged in the manufacture of drills and distributes them under contracts that purport to be leases and on their face purport to retain title to said drills. He denies that plaintiff leases said drills but avers that the plaintiff actually sells the same and attempts to retain control thereof in an illegal manner after sale. He denies having reconstructed or sold any well drills manufactured by the plaintiff or any conversion of said drills to his own use. He alleges that the patents owned by the plaintiff are invalid and that the plaintiff should be barred from relief because of unclean hands. He files a counterclaim for damages to his business and reputation in his activities in his welding work in connection with retipping bits, et cetera, as set out in the answer, and seeks an injunction against the plaintiff from acts of unfair competition.

The evidence disclosed the following facts. The devices of the plaintiff, under which it claims protection under the letters patent, are known as drilling bits for hard rock formations. The letters patent are in evidence and explain the devices in detail. Generally, they are shown to be rotary drill bits designed to drill through hard substances encountered in drilling oil wells. The bits are known as cone bits with teeth of hard metal welded on the surface of the cones which come in contact with the substances to be drilled and rotate in the hole.

Prior to the device under consideration covered by letters patent No. 1,983,316, the evidence discloses that what is known as the two cone bit was largely used. The two cone bit had deficiencies. The teeth on said bits, in their arrangement and operation, did not produce the result in the hole as rapidly and efficiently as desired for several reasons, among which was the fact that the teeth were so arranged that they would track each other in the hole and would not cut the bottom of the hole as desired. The bits then in use also had a tendency to contract the hole which necessitated reaming it out when a new bit was inserted. The devices, particularly under Patent No. 1,983,316, were designed in general to correct, and do correct, the faults of prior bits. The device under Patent No. 1,983,316 is a three cone bit with teeth so arranged and constructed that it drills and cuts the bottom of the hole smoothly and has overcome the tendency to contract the hole, with the result that the hole is more rapidly and efficiently drilled. The evidence discloses that since it has been on the market, it has taken precedence over all other bits used for that purpose and that the trade generally prefers it over all other bits for hard substance drilling. The evidence shows that there were two elements in the device which determined its useful life—the cutter teeth and the bearings. The plaintiff recognized this. The evidence discloses that the bearings would become worn and defective and the teeth would wear out in the majority of cases at approximately the same time. In distributing the device to the public, the plaintiff did not sell it but leased it. All bits distributed are marked as "property of Hughes Tool Company" and are accepted under the following terms:

. "Hughes roller rock bits and all Core Bit Heads are never sold but are leased. When the original cutter teeth and/or bearing have served their useful life, the user will surrender the bits to Hughes Tool Company upon request. In accepting delivery, the user agrees not to surrender any of the tools as mentioned above to other than a duly authorized representative of the Hughes Tool Company."

The evidence discloses that the teeth of some bits would become worn down before the bearings became defective, and that the driller turned them to the defendant, who would determine whether the bit would stand what is known as retipping the teeth, which was accomplished by welding on the stubs new teeth as nearly to conform to the original teeth as could be done. The defendant's charge for the service of retipping was approximately one third the cost of a new bit.

The plaintiff contends that such an operation as performed by the defendant is a rebuilding or a reconstructing of the patented article, but the defendant contends it is only a legitimate repair job. The defendant also contends that the lease arrangement of the plaintiff in reality amounts to an outright sale of the device.

This is not a new controversy and has been before the courts many times under varying circumstances.

In the case of Hughes Tool Company v. Owen et al., 5 Cir., 123 F.2d 950, in which one of these patents, No. 1,856,627, was involved, these questions were raised. Quoting from the headnote:

"A welder, rebuilding teeth of partially worn oil well drilling bits, covered by Scott and Wellensiek patent No. 1,647,753, and Fletcher patent No. 1,856,627, to their original shape with an acetylene torch and welding rod was 'reconstructing', and not 'repairing', bits, and, hence, was guilty of patent infringement, without regard to question whether bits were sold or merely leased by patent owner."

The facts as to retipping the bits in that case and the case at bar are identical, and that court held as follows:

"We agree with appellant that what was done here was not merely repairing a part of an invention consisting of many parts, as in the Wilson-Simpson case [9 How. 109, 13 L.Ed. 66], the Goodyear [Goodyear Shoe Machinery Co. v. Jackson, 1 Cir., 112 F. 146, 55 L.R.A. 692] and the Morrin [Morrin v. Robert White Engineering Works, 2 Cir., 143 F. 519] cases, but a reconstruction of the invention itself as in American Cotton-Tie Co. v. Simmons, 106 U.S. 89,

1 S.C. 52, 27 L.Ed. 79; Davis Electrical Works v. Edison Electric Light Co., 1 Cir., 60 F. 276; Southwestern Tool Co. v. Hughes Tool Company [10 Cir., 98 F.2d 42] and Hughes Tool Co. v. United Machine Co. [D.C., 35 F.Supp. 879], supra, and that there was infringement wholly without regard to the question of whether the tools were sold or merely leased. But we agree with it also that there was no selling here but a leasing, and that under the terms of the lease, the licensee had no right, and therefore defendants had none, to retip or rebuild the teeth."

The holding in the above case is approved so far as it pertains to the subject of retipping under the facts in that case, but the defendant raises other contentions here. First, that the patents under consideration covering the devices of the plaintiff are invalid for several reasons alleged, which can be reduced to two: (a) The devices are not patentable for want of invention, and (b) the claims do not cover valid patentable combinations of elements. Second, that the teeth on the cutters, one of the elements of the combination, are covered by another patent which has now expired and the element is public property, and by reason thereof, the defendant in retipping the bits does not infringe.

The Fletcher patent, No. 1,856,627, was held to be valid in Hughes Tool Company v. United Machine Company et al., D.C., 35 F.Supp. 879. Further, plaintiff's Exhibit 28 discloses that the application for this patent was filed May 18, 1927 and that the application pended in the patent office until May 3, 1932. While the application was pending, it was rejected by the examiner as unpatentable as to certain claims. That decision was appealed and was sustained in part and reversed in part. Claims Numbered 4, 5 and 9 of the application were withdrawn. The patent was then issued in its present state. Both the examiner and the board of appeals had the entire matter before them and this court, in such a situation, would not be inclined to hold the patent invalid, even without the decision in Hughes Tool Company v. United Machine Company, supra. While the judgment of the patent office officials is not binding upon the court, it certainly is entitled to great weight.

It was said in Hall v. Montgomery Ward & Company, D.C., 57 F.Supp. 430, 439:

"* * * While, of course, the judgment of the Patent Office officials is not absolutely binding on the Court, it is entitled to great weight and is to be overcome only by clear proof that they were mistaken, and that there is lack of patentable novelty. (Citing authorities.) * * *

"When Congress has set up an administrative agency to whose informed judgment and discretion it has committed the determination of questions of fact, such determinations will not be set aside by the Courts if there is evidence to support them. Even though, upon a consideration of all evidence, a Court might reach a different conclusion, it is not authorized to substitute its own for the administrative judgment. Swayne & Hoyt v. United States, 300 U.S. 297, 303, 57 S.Ct. 478, 81 L.Ed. 659."

See Polaroid Corporation et al. v. Clark et al., 81 U.S.App.D.C. 383, 159 F.2d 28.

Patent No. 1,983,316 is an improvement patent and is termed a combination patent.

In Skinner Bros Belting Company v. Oil Well Improvements Company, 10 Cir., 54 F.2d 896, 898, the principle of law was discussed as follows:

"Is this a patentable combination? It is said that all of the elements are old; this is true, but immaterial. (Citing authorities.) In that text-book of patent law, National Hollow Brake-Beam Co. v. Interchangeable Brake-Beam Co., 8 Cir., 106 F. 693, 706, Judge Sanborn lays down the rule: 'A new combination of old elements whereby a new and useful result is produced, or an old result is attained in a more facile, economical, and efficient way, may be protected by patent as securely as a new machine or composition of matter. Seymour v. Osborne, 11 Wall. 516, 542, 548, 20 L.Ed. 33; Gould v. Rees, 15 Wall. 187, 189, 21 L.Ed. 39.'

"The patent in suit meets this test. It is said that no inventive genius, but only mechanical ingenuity, was needed to think of this device. No formula has been pre-

scribed which affords a solution of the vexed question, Has inventive genius been exercised? We know that the simplicity of the device does not belie inventive genius. Hughes Tool Co. v. International Supply Co., 10 Cir., 47 F.2d 490, 492, and cases there cited. We know that we should try to eliminate 'hindsight'; we know that the fact that the problem existed, that financial reward awaited a solution, and that no one did think of it, is strong evidence of invention. We know a presumption of invention arises from the issuance of the patent, and that commercial success strengthens that presumption. Considering these things, we are not prepared to say that this device, simple though it is, does not disclose inventive genius."

In Williams Iron Works Co. v. Hughes Tool Co., 10 Cir., 109 F.2d 500, 506, the court said:

"A new combination of old elements whereby a new and useful result is obtained, or whereby an old result is obtained in a more facile, economical, and efficient way is patentable, provided the discovery and reduction to practice of the novel combination require greater skill and higher thought than would be expected of an ordinary mechanic trained in the art."

When the device covered by patent No. 1,983,316 is considered in connection with the evidence introduced and the law applied as laid down by the weight of authority, the conclusion is inescapable that the device covered by the patent was patentable and that the patent is valid.

But counsel for the defendant insist that the teeth which the defendant retipped were covered by a patent that has expired; that that element of the device is now public property; and, therefore, the retipping could not possibly be an infringement of the device. Where would such a course of reasoning lead? If the element is now public property, both the plaintiff and the defendant could look upon it as an "old element." In the device patented here the teeth and the cone are a solid element, not separate elements, and building the teeth back on the cone in its original pattern would be a reconstruction of the solid element, and not a repair.

This device has solved a problem in drilling bits for hard substances. Other bits designed for the purpose have been discarded and this device has come into general use since it appeared in the field of operation. As stated by the authorities, that fact alone is strong evidence of invention. The retipping activities by the defendant of the bits covered by these two patents is an infringement and should be enjoined.

As to the alleged conversion upon the part of the defendant, there is a failure of proof. There is no evidence that the defendant sold the bits, or exercised any acts of ownership over them. He retipped the bits for further use by the lessees, for which service he was paid by the lessees. If there was a conversion, it was a conversion by the lessees.

Having reached these conclusions, the defenses and counterclaim of the defendant of necessity fail. The plaintiff is entitled to judgment against the defendant for the infringement of its patents, and an injunction enjoining the defendant from retipping the teeth of the devices covered by the patents, and for costs. As to damages suffered, if any, and attorneys' fees sought by the plaintiff, the cause will be held open for future disposition.

Findings of fact, conclusions of law and a form of judgment consistent with this opinion are herewith filed. Exceptions allowed.