**Eduard VON DER HEYDT, Libertas, S. A., and Ratio, S. A., Appellants,**

v.

**William P. ROGERS, Attorney General of the United States, and Ivy Baker Priest, Treasurer of the United States, Appellees.**

**No. 13855.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 31, 1957.

Decided Jan. 2, 1958.

Mr. Isadore G. Alk, Washington, D. C., with whom Mr. Sidney S. Sachs, Washington, D. C., was on the brief, for appellant.

Mr. Myron C. Baum, Attorney, Department of Justice, with whom Mr. George B. Searls, Attorney, Department of Justice, was on the brief, for appellees. Mr. Irwin A. Seibel, Attorney, Department of Justice, also entered an appearance for appellees.

Before EDGERTON, Chief Judge, and BASTIAN and BURGER, Circuit Judges.

PER CURIAM.

█ The District Court granted appellee's motion to dismiss appellant's complaint for failure to produce documents and records for which an order to produce had been made. Before ruling on the motion, the District Court heard testimony for nine days and received numerous exhibits, all presumably bearing on the issues of materiality of the records sought, the possession and control of these records by appellant, appellant's actions constituting refusal to produce, and so forth. The District Court made no findings other than its order of dismissal which it characterized as containing findings. However, on the record before us, consisting of a Joint Appendix of 942 pages digesting pertinent parts of a record of over 1500 pages, all covering substantial issues, we are unable to afford an adequate appellate review without specific findings in relation to the several issues of the case in order that we may know the basis of the District Court's decision.

█ Appellant also urges that the statement of the trial judge [1] shows error

1. "All documents which were called for by the Court's order not having been produced, and the plaintiffs not having satisfactorily shown to the Court that such documents do not exist, and the plaintiffs not having satisfactorily explained to the Court why they have not been produced; and the pattern of the conduct of the plaintiffs' duly authorized representatives, but not including present counsel, clearly showing an unwillingness on their part to make a full disclosure to the defendants; and the plaintiffs' answers to the defend-

in assigning the burden of proof. The burden of showing materiality of the information and ability to produce it rests on the one seeking discovery. At a point the burden of going forward with the evidence may shift to the party asserted to be in possession or control. Absent specific findings to be reviewed in the light of the evidence, we cannot make an adequate assessment of this issue and our disposition of this appeal will afford opportunity for dealing with this.

As to the claim that the District Court erred in denying appellant's cross motion for discovery, we find no abuse of discretion.

Remanded with instructions.

BURGER, Circuit Judge (concurring).

I agree fully that findings are essential but I would rely not on our inherent power to call for findings in aid of appellate review but upon what appears to me to be the express and unambiguous command of Rule 41 of the Federal Rules of Civil Procedure, 28 U.S.C.A. To place my views in proper perspective a more complete statement of the case is called for than is needed for the solution reached by a majority of the court.

Appellant, a Swiss citizen,[1] sued to recover property which had been seized in 1951 by the United States under the Trading With The Enemy Act.[2] The Government defended the seizure on the ground that appellant was enemy tainted. On the Government's motion the District Court in January 1956 directed appellant to produce various records relating to financial transactions alleged to have probative value in establishing the enemy taint. In March 1956, appellant having failed to produce any records, the Government moved for dismissal under Fed. R.Civ.P. 41(b) and 37(b) (2).[3] The motion was granted, but judgment was withheld on appellant's representations that production would be forthcoming. Upon production of some of the documents the grant of the motion for dismissal was vacated. Thereafter additional documents were produced; in October 1956 the Government again moved for dismissal for failure to produce specified documents covered by the production order.[4] After an extended hearing [5] the District Court granted the Government's motion for dismissal by an order which recited:

"All documents which were called for by the Court's order not having been produced, and the plaintiffs not having satisfactorily shown to the Court that such documents do not exist, and the plaintiffs not having

ants' interrogatory No. 23 being too vague and wholly insufficient since the answers furnish no details as to any specific documents, I find that the discovery order of this Court of February 9, 1956, has not, in good faith been complied with."

1. In addition to individual appellant Heydt, there are two nominal appellants; Libertas S.A., a Luxembourg corporation, and Ratio S.A., a Swiss corporation. Heydt is the sole and beneficial owner of these corporations.

2. 40 Stat. 411 (1917), 50 U.S.C.A.App. §§ 1–39.

3. Rule 41(b) provides: "For failure of the plaintiff * * * to comply with * * * any order of court, a defendant may move for dismissal * * *."
Rule 37(b) (2) provides: "If any party * * * refuses to obey * * * an order made under Rule 34 to produce

any document * * * the court may make such orders in regard to the refusal as are just and among others the following: * * * An order * * dismissing the action * * *."

Rule 34 provides: "Upon motion * * the court * * * may (1) order any party to produce and permit the inspection and copying or photographing * * of any designated documents * * * not privileged, which constitute or contain evidence relating to any of the matters within the scope of examination permitted by Rule 26(b) and which are in his possession, custody, or control * * *".

4. The motion also alleged insufficient response to a Government interrogatory.

5. The hearing lasted nine days, involved numerous witnesses and exhibits, and required almost 1000 pages of printed record.

satisfactorily explained to the Court why they have not been produced; and the pattern of the conduct of the plaintiffs' duly authorized representatives, but not including present counsel, clearly showing an unwillingness on their part to make a full disclosure to the defendants; and the plaintiffs' answers to the defendants' interrogatory No. 23 being too vague and wholly insufficient since the answers furnish no details as to any specific documents, I find that the discovery order of this Court of February 9, 1956, has not, in good faith been complied with."

Appellant urges that the District Court erred (1) in holding that appellant had not in good faith complied with the discovery order; (2) in failing to make findings of fact; (3) in assigning to appellant the burden of proving that all of the demanded documents had been produced; and (4) in denying appellant's cross-motion for discovery against the Government.

The Rules are clear that if the information sought is material to the case and not privileged, and if appellant was able to produce it, failure to produce warrants dismissal. The facts relating to these issues are complex and were the subject of a substantial volume of testimony and exhibits, and independent of any rule, conventional fact findings and conclusions of law are necessary to enable us to know the basis of the decision to dismiss.

I differ with the majority only with respect to the grounds for remanding and since it involves a practical problem of day to day work in the District Courts it seems desirable to expound this position for what it may be worth and to engage the notice of the courts which must deal, and are more competent to deal, with the problem in the first instance.

While it is correct that Rule 52 standing alone or read alone does not in terms

call for express special findings on granting *a motion* for dismissal,[6] Rule 41(b) is by reference incorporated and its controlling provision is:

"(b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules *or any order of court,* a defendant may move for dismissal of an action * * * If the court renders judgment on the merits against the plaintiff, the court *shall* make findings as provided in Rule 52(a). *Unless* the court *in its order* for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, *operates as an adjudication upon the merits."* (Emphasis added.)

Since the order did not otherwise specify it follows that the dismissal of appellant's case "operates as an adjudication upon the merits." Unless there is a difference between a "judgment on the merits" and "an adjudication upon the merits" it seems to me that subdivision (b) commands that findings of fact and conclusions of law must be made "as provided in Rule 52(a)."

While the District Court characterized its order as containing "findings," the recitals are conclusory in nature and, as all of us agree, those recitals do not give us an adequate basis for appellate review on the specific issues we are compelled to treat; viz., (a) materiality of the information sought; (b) possession, custody or control of the information in appellant; and (c) refusal of appellant to obey an order made under Rule 34. In other words we need to know what basic facts the District Court finds as showing each of these elements, together with the conclusions of law which follow in consequence of the application of the pertinent rules, before we can

---

6. Counsel for appellant requested the District Court to make findings and the court responded, "We don't make findings on a motion. I thought I made my findings in the order."

determine whether the evidence warrants a dismissal.[7] Each separate finding of fact is the trier's appraisal or conclusion with respect to part of the total facts of the case. The office of findings in a complex case is to indicate in general terms what evidence persuaded the court to reach a particular conclusion as to the true facts.

The application of what seems to me the clear language of Rule 41 will not impose an undue burden on district judges. The form or degree of formality of findings varies from case to case. We have said that "no statute or rule dictates any rigid formula for findings of fact, conclusions of law and opinions; what is desirable for one case does not fit another."[8] A complex fact situation, for example, will usually call for more by way of findings than a simple one. Frequently a memorandum opinion or the recitals in an order will suffice. "It is enough that the findings, taken together, give us 'a clear understanding of the basis of the decision.'"[9] In another case [10] we affirmed where the District Court opinion and memorandum afforded "a clear understanding of the basis of the decision * * * [which was] sufficiently specific to enable us to perform our task of review." Thus a literal compliance with Rule 41(b) will call for elaborate or detailed findings only in the relatively rare motion which, like the instant case, is complex and where the motion issues are resolved only after taking much testimony.

I would, therefore, remand for the making of specific findings of fact and conclusions of law not on our broad inherent powers but upon the narrow ground that Rule 41(b) compels such findings as the nature of the case requires.

7. Cf., Societe Internationale, etc., v. Brownell, 1955, 96 U.S.App.D.C. 232, 225 F.2d 532, certiorari denied 350 U.S. 937, 76 S.Ct. 302, 100 L.Ed. 818, certiorari granted 78 S.Ct. 61. The order granting certiorari invited counsel to discuss, among other things, the power of the District Court to dismiss, and the propriety of its dismissal, of petitioner's complaint, under Rule 37(b) (2), for failure to obey its order, for production of documents, issued under Rule 34, in the absence of evidence and of finding that petitioner "refuses to obey" such order.

8. District of Columbia v. Fadeley, 1956, 98 U.S.App.D.C. 176, 233 F.2d 667, 670, certiorari denied 352 U.S. 847, 77 S.Ct. 64, 1 L.Ed.2d 57.

9. Minnesota Mining & Mfg. Co. v. Coe, 1941, 75 U.S.App.D.C. 131, 132, 125 F.2d 198, 199, citing Shellman v. Shellman, 1938, 68 App.D.C. 197, 198, 95 F.2d 108; Societe Suisse, etc., v. Cummings, 1938, 69 App.D.C. 154, 156, 99 F.2d 387, certiorari denied 306 U.S. 361, 59 S.Ct. 463, 83 L.Ed. 1033; Goodacre v. Panagopoulos, 1940, 72 App.D.C. 25, 27, 110 F.2d 716.

10. Food Fair Stores, Inc., v. Square Deal Market Co., Inc., 1953, 93 U.S.App.D.C. 7, 206 F.2d 482, certiorari denied 1954, 346 U.S. 937, 74 S.Ct. 377, 98 L.Ed. 426.