Eduard **VON DER HEYDT** et al.,
Appellants,

v.

Robert F. **KENNEDY**, Attorney General
of the United States, et al., Appellees.

No. 16365.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 1, 1961.

Decided Feb. 1, 1962.

Petition for Rehearing Denied
Feb. 20, 1962.

Mr. Isadore G. Alk, Washington, D. C., for appellants.

Mr. Bruno A. Ristau, Department of Justice, of the bar of the Supreme Court of Ohio, pro hac vice, by special leave of the court, with whom Asst. Atty. Gen., William H. Orrick, Jr., and Messrs. David C. Acheson, U. S. Atty., and Alan S. Rosenthal, Department of Justice, were on the brief, for appellees. Messrs. Arthur R. Schor, Geo. S. Leonard and James C. Cawood, Jr., Department of Justice, also entered appearances for appellees.

Before EDGERTON, BASTIAN and BURGER, Circuit Judges.

BASTIAN, Circuit Judge.

This is the second time this case has been before this court. Our previous opinion is reported in Von Der Heydt v. Rogers, 102 U.S.App.D.C. 114, 251 F.2d 17 (1958).

Appellant von der Heydt, a Swiss citizen, and two corporations solely owned by him [all hereinafter designated as plaintiff or appellant], sued to recover property which had been seized in 1951 by the United States under the Trading with the Enemy Act, 40 Stat. 411 (1917), 50 U.S.C.A.App. §§ 1–39. Appellees defended the seizure on the ground that appellant was enemy-tainted. On the Government's motion, the District Court, on February 8, 1956, directed appellant to produce various records relating to financial transactions alleged to have probative value in establishing the enemy taint, and to answer a specified portion of appellees' Interrogatory 23, which had been served on appellant on June 28, 1955.

In March 1956, appellant allegedly having failed to produce any records, the Government moved for dismissal under Fed.R.Civ.P. 41(b) and 37(b) (2), 28 U.S.C.A. The motion was granted after hearing but judgment was withheld on appellant's representation that produc-

tion would be forthcoming. On production of some of the documents, but far from all, the grant of the motion for dismissal was vacated. Thereafter, additional documents, but still not all those called for, were produced and, in October 1956, the Government again moved for dismissal for failure to produce specific documents covered by the production order; the motion also alleged insufficient response to the Government interrogatory.

Before ruling on the motion, the District Court heard testimony for nine days, received numerous exhibits, all presumably bearing on the issues of materiality of the records sought, possession and control of those records by appellant, appellant's action constituting refusal to produce, and so forth. In granting the motion to dismiss, the District Court ruled as follows:

"All documents which were called for by the Court's order not having been produced, and the plaintiffs not having satisfactorily shown to the Court that such documents do not exist, and the plaintiffs not having satisfactorily explained to the Court why they have not been produced; and the pattern of the conduct of the plaintiffs' duly authorized representatives, but not including present counsel, clearly showing an unwillingness on their part to make a full disclosure to the defendants; and the plaintiffs' answers to the defendants' interrogatory No. 23 being too vague and wholly insufficient since the answers furnish no details as to any specific documents, I find that the discovery order of this Court of February 9, 1956, has not, in good faith been complied with."

Appeal was taken from the order to dismiss. The record submitted to us consisted of a joint appendix of 942 pages, digesting pertinent parts of a record of over 1500 pages, all covering substantial issues. We held that we were unable to afford adequate appellate review without specific findings in relation

to the several issues of the case and, accordingly, we remanded the case for such findings.[1]

After the remand, and on October 16, 1958, appellant submitted to the District Court proposed findings of fact and conclusions of law, and subsequently on November 7, 1958, filed a motion to reopen the case for purposes of introducing additional testimony. This motion was denied by order dated January 19, 1959. The District Court entered findings of fact and conclusions of law and, on February 13, 1961, the case was dismissed with prejudice for failure to comply with the order of the court. The present appeal followed.

Appellant argues that in a case of this character due process requires that, before an action brought under § 9(a) of the Trading with the Enemy Act may be dismissed for failure to make full production, it is necessary for the court to pass upon three elements which must be present: (1) the existence of the documents must be proved by the party demanding production; (2) elements of materiality must be shown; and (3) elements of possession, custody and control must likewise be shown.

■ We have no quarrel with this statement. The only question is whether or not such existence, materiality and control have been established, and we think they have been established in this case.

In the comprehensive findings filed by the District Court, that court reviewed the efforts of the Government to obtain possession of the documents and to obtain answers to the interrogatories. Without attempting to review the evidence in detail, we find that there runs through the record evidence of a studied effort on the part of appellant to avoid producing these documents and correspondence, which demonstrates almost to a certainty the determination of the appellant not to produce any documents which could be at all damaging to his

case. We think the District Court properly held as it did in Finding 27:

"27. Plaintiff von der Heydt and his authorized representatives deliberately conceived a plan or pattern to reveal to the defendants as little as possible of the records under his control, and to avoid to the extent possible, disclosure of those which might be harmful to his case. Plaintiff von der Heydt has not in good faith complied with the order of this Court of February 8, 1956."

We think it only fair to add that the court's Finding 29, to the effect that appellant's testimony at the hearing revealed and substantiated the plan or pattern to avoid disclosure of the facts, was supported by substantial evidence.

The court further found that the partial production which was made established that appellant retained unimportant as well as important records and correspondence, and that much of the correspondence in his files in Switzerland which was not produced had not been destroyed for lack of importance but was removed or kept from the files by appellant, and that some of it related to charges by the Mayor of Zandvoort that appellant had collaborated with the Nazis in Holland during the war.

On the question of materiality, the court held that, appellant and his agents having examined and culled the available records and having removed records which were ordered produced but which were deemed by them to be harmful to appellant's case, the missing documents were material to the issues of the case; and the court, by its findings, proceeded to demonstrate the issue of materiality.

In short, the findings of the court demonstrated that the documents called for, or at least a number of them, were in existence, that they were material to the case, and that existence, possession, custody and control were clearly shown by the evidence before the court.

1. This is the opinion above referred to, reported in 102 U.S.App.D.C. 114, 251 F.2d 17 (1958).

Insofar as appellant's failure to answer in good faith Interrogatory 23, the court found, on adequate evidence:

"35. Thus von der Heydt did not in good faith answer interrogatory # 23; but rather, in accordance with his plan or pattern to reveal as little as possible regarding the records, his answers were intentionally vague and insufficient.

"36. Specific and sufficiently detailed answers to the interrogatory, made promptly, would have made it impossible for von der Heydt to follow the pattern of piecemeal, partial and minimal discovery deliberately adopted in order to reveal as little as possible, and would have been inconsistent with the pattern of producing documents only when their production appeared necessary to avoid dismissal of the complaint. The refusal to answer the interrogatory specificly, without evasiveness, and in good faith, is consistent with von der Heydt's failure at the hearing to explain fully and honestly the reasons why the missing records were not produced."

Not only do we find that the findings of the court were not clearly erroneous but we hold that they were founded upon substantial, and indeed overwhelming, evidence.

Appellant's reliance upon Societe Internationale, etc. v. Rogers, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958), is misplaced. There the Supreme Court held dismissal of a complaint filed under § 9(a) of the Trading with the Enemy Act to be error. The District Court had ordered plaintiff to produce certain records of plaintiff's Swiss bank, and found the records to be relevant and within plaintiff's possession and control within the meaning of Fed.R.Civ.P. 34. The records were not produced because their production would violate Swiss penal laws. The District Court found that an order prohibiting their production had been made by the Swiss Federal Attorney, and further found that plaintiff had shown good faith in its efforts to comply with the production order. Nevertheless the District Court dismissed the cause, with prejudice. This court affirmed. Societe Internationale, etc. v. Brownell, Jr., 100 U.S.App.D.C. 148, 243 F.2d 254 (1957). The Supreme Court, holding that dismissal of the complaint with prejudice was not justified, reversed and held that the power of the District Court to dismiss a complaint because of failure of the plaintiff to comply with a production order depends exclusively on Fed.R.Civ.P. 37(b). The Supreme Court also held that the findings as to plaintiff's good faith and his sincere efforts to comply with the production order, in view of the constitutional questions bearing on the matter, required reversal. The Court said:

"In view of the findings in this case, the position in which [plaintiff] stands in this litigation, and the serious constitutional questions we have noted, we think that Rule 37 should not be construed to authorize dismissal of this complaint because of [plaintiff's] noncompliance with a pretrial production order *when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of [plaintiff].*" [Emphasis supplied] 357 U.S. at 212, 78 S.Ct. at 1096.

The instant case is a far cry from Societe Internationale. Here, instead of evidence of good faith in efforts to comply with the order, the District Court found bad faith and willful refusal to comply with the order.

Nor are we impressed with appellant's claim that the order of dismissal was rendered as a result of "their past misconduct." There is no showing that that was the case. We think the District Court was amply justified in concluding as it did:

"Plaintiff von der Heydt's failure in good faith to produce records and answer an interrogatory as required by the Order of this Court of February 8, 1956 deprives defendants of a full and fair opportunity to pre-

pare their defenses and would deprive this Court of evidence indispensable to a proper adjudication of the issues."

Insofar as the unwillingness of the District Court to reopen the case is concerned, there are several answers: First, the case was remanded, not to be reopened but to make specific findings; and, secondly, the matter of reopening was within the discretion of the court. We find no abuse of that discretion. In any event, the evidence sought to be introduced could by no stretch of the imagination be termed newly discovered evidence. In addition, even if it could be so termed, it was not so material as to justify the court in reopening the case.

We have examined the other contentions urged by appellant and find no error justifying reversal.

Affirmed.