**360**

**INDEPENDENT PRODUCTIONS COR-
PORATION and IPC Distributors,
Inc., Plaintiffs,**

v.

**LOEW'S INCORPORATED et al.,
Defendants.**

United States District Court
S. D. New York.

Oct. 27, 1959.

Rosston, Hort & Brussel, New York City, for plaintiff Independent Productions Corp., George Brussel, Jr., New York City, of counsel.

Schwartz & Frohlich, New York City, for defendants. Myles J. Lane, New York City, of counsel.

SUGARMAN, District Judge.

### Findings of Fact [1]

1. Plaintiffs, Independent Productions Corporation and IPC Distributors, Inc., are the producer and distributor, respectively, of a motion picture film entitled "Salt of the Earth".

2. On June 21, 1956, the complaint herein was filed charging defendants with participation in a conspiracy directed against the plaintiffs' production and distribution of the above-named film. Substantial damages under the Clayton and Sherman Acts, 15 U.S.C.A. § 1 et seq., are sought.

3. Plaintiffs moved for an order "pursuant to § 30(b) of the Federal Rules of Civil Procedure [28 U.S. C.A.] debarring defendants from taking the depositions of the plaintiffs by Herbert Biberman and Paul Jarrico and vacating all notices of depositions heretofore served upon

---

[1]. Perhaps findings of fact and conclusions of law are not required in this matter. 5 Moore's Fed.Prac. ¶ 52.08, p. 2673, but see Von Der Heydt v. Rogers, 1958, 102 U.S.App.D.C. 114, 251 F.2d 17. In any event, they may be helpful to the appellate courts. Gurley v. Wilson, 1956, 99 U.S.App.D.C. 336, 239 F.2d 957.

the attorneys for the plaintiffs by the defendants or any of them to the extent that such notices seek the depositions of the plaintiffs by and through Herbert Biberman and Paul Jarrico as officers, directors or managing agents of the plaintiffs".

4. In an opinion dated May 20, 1959,[2] the court found that Messrs. Biberman and Jarrico were in fact managing agents of the plaintiffs. The said motion was therefore denied.

5. By order dated June 11, 1959, the court *inter alia* ordered "that the examination by defendants of plaintiffs by Herbert Biberman as managing agent shall proceed on June 17, 1959 at 10:30 A.M. in Room 601 of United States Courthouse, Foley Square, Borough of Manhattan, City and State of New York * * *."

6. On September 25, 1959, the plaintiffs and certain defendants appeared before the court to argue a motion for an order "pursuant to Rule 37 of the Federal Rules of Civil Procedure compelling plaintiffs by Herbert Biberman to answer the questions propounded on examination before trial * * *."

7. At the hearing of the said defendants' motion it was disclosed to the court that when, on June 17, 1959, Herbert Biberman had appeared at the United States District Court at Foley Square, New York, he was not there in the capacity of a managing agent of the plaintiffs.

8. The motion papers handed up on September 25, 1959, show that during the examination of June 17, 1959, plaintiffs' counsel stated among other things:

"The position of my clients is that under the circumstances it has done everything it possibly could to comply with Judge Sugarman's order even though it disclaims its validity and legal effect and intends, in due course, to review it on appeal. I

desire to make it clear that my clients are not tendering Mr. Biberman in any capacity and do not recognize him as a managing agent of either corporation. To the contrary, we adhere to our position that he has no connection with the plaintiff corporations other than that of having a beneficial interest in a very small percentage of the shares of plaintiff Independent Productions Corporation and a participation in an equally small percentage of the profits derived from the production of Salt of the Earth.

\* \* \* \* \*

"As to Mr. Biberman, I will say only this, I will add to my statement only this Mr. Biberman is not a managing agent of either corporation, with all deference to Judge Sugarman's opinion, and he cannot be made that which he is not."

At that taking of plaintiffs' deposition, in response to the inquiry:

"Do you represent the officers and managing agents of the plaintiffs' corporation?"

plaintiffs' attorney stated:

"There are no managing agents."

9. Mr. Biberman at the taking of plaintiffs' deposition upon oral examination on June 17, 1959 refused to answer questions which are vital to the defendants' case and which had been held by Judge Herlands to be relevant to the issues of this litigation.

10. In the words of plaintiffs' counsel, Mr. Biberman "has probably more than any other witness in this case, more information on the merits of this controversy than any other person". (S.M. 138, deposition of Herbert Biberman, June 17, 1959.)

11. At the hearing of defendants' motion on September 25, 1959 the court entertained a motion to dismiss the com-

---

**2.** Independent Productions Corp. v. Loew's, Inc., D.C.S.D.N.Y.1959, 24 F.R.D. 19.

plaint as to all defendants for failure of the plaintiffs to comply with the notice and order and granted it.

### Conclusions of Law

■ I. The plaintiffs have wilfully failed and refused to appear for the taking of their deposition upon oral examination upon notice *and order* of the court.

II. The defendants cannot obtain from any other source the information and evidence which they seek to obtain from plaintiffs through the latters' managing agent, Herbert Biberman.

■ III. The complaint is dismissed.[3]

Enter judgment accordingly on the order signed simultaneously herewith.

3. The power to dismiss the complaint herein, in vindication of the court's authority, is inherent. While Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 at first blush might appear to hold the contrary, on closer analysis it is distinguishable from the instant case.

In the Societe Internationale case, the Court was confronted with the propriety of a dismissal of a complaint for failure to comply with an order that the plaintiff, pursuant to F.R.Civ.P. 34, discover and produce certain documents for inspection, etc. As was pointed out (357 U.S. at page 202, 78 S.Ct. at page 1090), the district court in that case dismissed the complaint for failure to comply with the order under Rule 34 by virtue of its "power under Rule 37(b) (2), as well as inherent power, * * *" whereas the Court of Appeals in affirming the district court "found it unnecessary to decide whether Rule 37 authorized dismissal under these circumstances since it ruled that the district court was empowered to dismiss both by Rule 41(b) of the Federal Rules of Civil Procedure, and under its own 'inherent power'". The Court (357 U.S. at page 207, 78 S. Ct. at page 1093) then stated:

"In our opinion, whether a court has power to dismiss a complaint because of noncompliance with a *production order*

depends exclusively upon Rule 37, which addresses itself with particularity to the consequences of a failure to make discovery by listing a variety of remedies which a court may employ * * *." [Emphasis supplied.]

Thus, the Court held that Rule 37 set forth specifically the consequences flowing from a failure to comply with an order under Rule 34.

The situation presented by the instant case, i.e., the wilful failure of a corporate party to appear for examination by the deposition of its managing agent, appears to be governed by Rule 37(d). That rule provides that such failure "after being served with a proper *notice*" may be met by a motion on notice to strike the pleading of the defaulter. In the instant case, as the findings of fact point out, after the service of the notice the plaintiffs moved to quash it. That motion was denied and there resulted an *order* of this court that the plaintiffs be examined by those held to be their managing agents. This they refused to do. Rule 37 appears to be silent as to the power of a court in the situation here presented. Accordingly, this court believes it has the inherent power in vindication of its authority to summarily impose sanctions upon a party who deliberately flouted its lawful mandate.