INDEPENDENT PRODUCTIONS COR-
PORATION and IPC Distributors,
Inc., Plaintiffs,

v.

LOEW'S INCORPORATED et al.,
Defendants.

United States District Court
S. D. New York.
March 28, 1961.

See also 184 F.Supp. 671; 27 F.
R.D. 430.

Rosston, Hort & Brussel, New York
City, for plaintiff, Independent Produc-
tions Corp.

George Brussel, Jr., New York City,
for plaintiff, IPC Distributors, Inc.;
George Brussel, Jr., Edward Labaton,
Alan E. Bandler, New York City, of
counsel.

Myles J. Lane, Bernard R. Sorkin,
Georgiana Koenig, New York City, of
counsel, for all defendants.

Schwartz & Frohlich, New York City,
for defendants, Columbia Pictures Corp.,
Columbia Pictures International Corp.

Sidney Schreiber, New York City, for Motion Picture Assn. of America, Inc., Assn. of Motion Picture Producers.

Benjamin Melniker, New York City, for Loew's Inc., Loew's International Corp.

Howard Levinson, New York City, for Warner Bros. Pictures, Inc., Warner Bros. Pictures International Corp., Warner Bros. Pictures Distributing Corp.

Leonard Kaufman, New York City, for Paramount Pictures Corp., Paramount International Films, Inc., Paramount Film Distributing Corp.

Adolph Schimel, New York City, for Universal Pictures Company, Inc., Universal Film Exchanges, Inc., Universal International Films, Inc.

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for United Artists Corp., Eagle Lion Classics, Inc., National Screen Services Corp., Comedia Enterprises, Inc., City Entertainment Corp.

Simpson, Thatcher & Bartlett, New York City, for Atlas Corp. (Successor by merger to defendant RKO Pictures Corp.).

Royall, Harris, Koegel & Caskey, New York City, for Twentieth Century-Fox Film Corp., Twentieth Century-Fox International Corp., Twentieth Century-Fox Inter-America, Inc.

Theodore R. Black, New York City, for Republic Productions, Inc., Republic Pictures International Corp.

William B. Jaffe, New York City, for Allied Artists Pictures Corp., Allied Artists Productions, Inc., Allied Artists International Corp., Allied Artists Distributing Corp.

Regan, Goldfarb, Powell & Quinn, New York City, for RKO Teleradio Pictures, Inc. (formerly known as RKO Radio Pictures, Inc.).

Jacobs, Persinger & Parker, New York City, for Reeves Sound Studios, Inc.

Paskus, Gordon & Hyman, New York City, for Scherin Research Corp.

Frederick W. R. Pride and Charles F. Young, New York City, for West Coast Theatre Corp., West Coast Agency Corp.

Spivak & Kantor, New York City, for Richard S. Walsh, John J. Francoville and Roy Brewer.

Michael F. Mayer, New York City, for Arthur Mayer and Council of Motion Picture Organizations, Inc.

James L. O'Connor, New York City, for Pathe Laboratories, Inc., Chesapeake Industries, Inc.

Rabinowitz & Boudin, New York City, for respondent Herbert Biberman.

DIMOCK, District Judge.

■ Defendants seek an order, under Rule 37(a) F.R.Civ.P., directing plaintiffs by one Biberman, who defendants say is plaintiffs' managing agent, to answer certain questions put to him on an examination before trial. He refused to answer, assigning as one ground the privilege against self incrimination. I have no reason to doubt the bona fides of his claim. By Rule 26(b) the power of the court to order answers is expressly withdrawn where the matter is privileged. I therefore cannot direct that the questions be answered. I can, however, direct plaintiffs, as the parties being examined, to cause him to answer. If he should still refuse I could then decide what, if any, sanctions should be applied against plaintiffs for refusing to submit to examination.

Plaintiffs seek to forestall this by moving now for a protective order. They say that they want him to answer the questions, so I feel safe in concluding that plaintiffs would direct him to do so. I feel safe also in concluding that he would refuse to answer even though directed to do so by plaintiffs. His first refusal was not based on any direction from plaintiffs that might be withdrawn and, in any event, there is no reason to suppose that plaintiffs' wishes would

have any effect on him since he is no longer employed by them. Moreover it appears that he has on several past occasions in other forums refused to answer questions concerning the subject matter of his present interrogation.

■ I can think of no appropriate sanction other than dismissal of the case. That has once been imposed in this case for failure of plaintiffs to own the witness as a managing agent despite the court's decision to the contrary. D.C., 24 F.R.D. 360. The dismissal was set aside, however, by the Court of Appeals on the ground that plaintiffs had produced the witness and so had not failed to appear. 2 Cir., 283 F.2d 730. The Court of Appeals held that the case was properly governable by the specific provisions of Rule 37(a) and (b) and that the court below should have dealt with the issues pertinent to the motion to compel answers by following the specific procedures set forth in Rule 37(a) and (b). I take it therefore that, so far as procedure is concerned, dismissal of the case might be imposed as a sanction for plaintiffs' failure to cause the witness to answer questions against which he has claimed privilege.

Even though it is obvious that plaintiffs, if ordered to do so, will direct the witness to answer and that the witness will refuse, perhaps I ought to go through that empty form if I were going to impose the harsh sanction of dismissal of the case on the strength of plaintiffs' failure to comply with the order for their examination. Nevertheless, if I should be of the opinion that the sanction of dismissal ought not to be imposed even then, it would be futile to make the fruitless order that plaintiffs direct the witness to answer. I shall, therefore, first consider whether dismissal would be a proper sanction for failure to cause the witness to answer.

Some light is thrown on the problem by the opinion in General Houses, Inc. v. Marloch Manufacturing Corp., 2 Cir., 239 F.2d 510. The case held that it was improper to order a plaintiff corporation to produce an officer for examination when it had no present officers at all and its former officers were not within its control. Incidentally that lends support to my determination that I need not go through the form of directing plaintiffs to cause the witness to waive his privilege unless necessary to make a record for dismissal.

The General Houses case distinguished Societe Internationale Pour Participations Industrielles et Commerciales, S. A. v. Brownell, 96 U.S.App.D.C. 232, 225 F.2d 532. There, though it was impossible for plaintiff to grant discovery of certain documents, plaintiffs' complaint was dismissed with prejudice for failure to do so. In distinguishing the case the General Houses court pointed out that there was no other way that defendant could have obtained the documents while, in the General Houses case, the defendant could have got the information sought from other witnesses. Subsequent to the General Houses decision, the Societe Internationale case was reversed by the Supreme Court in an opinion which stressed the impropriety of dismissal where plaintiff's failure to comply with a pretrial production order was due "to inability, and not to willfulness, bad faith, or any fault" on plaintiff's part. Societe Internationale Pour Participations Industrielles et Commerciales, S. A. v. Rogers, 357 U.S. 197, 212, 78 S.Ct. 1087, 1096, 2 L.Ed.2d 1255. In view, however, of the special circumstances present in the Societe Internationale case,[1] I shall make the assump-

___

1. The Court was careful to note that plaintiff had made extensive efforts to try and comply with the production order; that the very fact of plaintiff's compliance with the order would itself have constituted a violation of Switzerland's penal laws; and that plaintiff's position in the litigation was analogous to that of a defendant since the only method by which he could challenge the Alien Property Custodian's summary seizure of his assets was to institute an action.

tion favorable to defendants herein that the teaching of General Houses stands and that, if a litigant is unable to make discovery of material essential to his opponent's case which is not available elsewhere, the non-producing party may be subjected to dismissal of his case even though the inability is due to no fault of his own. That brings me to the questions whether the information sought is essential to defendants' case and whether it can be obtained elsewhere. If the information is essential and cannot be obtained elsewhere plaintiffs are not entitled to protection against an order directing them to cause the witness to supply the needed information and against the consequent dismissal of the case upon plaintiffs' failure to do so.

■ The questions which the witness refused to answer were those directed toward proof that defendants' refusals to deal with plaintiffs did not evidence an antitrust conspiracy on their part, but resulted rather from an independent exercise of business judgment by each defendant based on the Communist connections of plaintiffs and their consequent undesirability as associates for persons to whom good public relations were important. I am willing to accept the proposition that proof of that kind is essential to defendants' case. I cannot, however, accept the proposition that it is not available except in the mouth of the witness Biberman. Indeed evidence of general repute of Communist association would be more valuable than even an admission by the witness of such association.

Defendants have, therefore, failed to make out a case of essential and elsewhere unobtainable testimony refusal to give which would be ground for dismissal of plaintiffs' case. Defendants' motion for an order directing plaintiffs to cause the witness to answer the questions will have to be denied since such an order would be futile.

The question remains whether I ought to direct that the examination of Biber-man proceed and, if so, under what conditions.

Plaintiffs move that the examination of Biberman be terminated by the court or if continued that it be held in California with plaintiffs' counsel's fees and expenses paid by defendants.

■ When Biberman refused to answer questions, counsel for defendants, as permitted by Rule 37(a) F.R.Civ.P., exercised their option to have the oral examination adjourned pending the presentation of the motion now before me for an order compelling answers. Counsel could, however, have proceeded to examine on matters where the witness had no claim of privilege. When they had completed his examination on those questions they could have made the application now before me and, upon the denial of the motion which I have just indicated, there would have been no occasion for any further examination. Now, because of defendants' counsels' election to get the ruling before completing the examination, the witness has returned to California. Under these circumstances, defendants ought to bear the expense of one counsel for plaintiffs in attending the examination of the witness in California and his fees to the extent of $250 a day for two days' time lost in travel back and forth.

Defendants' motion to direct plaintiffs by Biberman to answer questions as to which he has claimed privilege denied.

Plaintiffs' motion for a protective order dismissed as moot.

Plaintiffs' motion for an order terminating their examination through Biberman or for an order directing that the examination take place in California after plaintiffs have completed their examination and that plaintiffs' counsel fees and expenses for attendance and participation be paid by defendants granted to the extent of directing that the examination take place in California and that such counsel fees as above fixed

and expenses be so paid. Defendants must notice the examination of plaintiffs through Biberman to begin on a day within 30 days from the appearance of a note of this decision in the New York Law Journal or they will lose the priority of examination granted them by the decision of Judge McGohey reported at D. C., 148 F.Supp. 460.

Settle order on notice.