See also 27 F.R.D. 430.

**INDEPENDENT PRODUCTIONS COR-PORATION and IPC Distributors, Inc., Plaintiffs,**

v.

**LOEW'S INCORPORATED et al., Defendants.**

United States District Court
S. D. New York.
June 8, 1961.

George Brussel, Jr., New York City, for plaintiff IPC Distributors, Inc.

Rosston, Hort & Brussel, New York City, for plaintiff Independent Productions Corp. George Brussel, Jr., Edward Labaton, Alan E. Bandler, New York City, of counsel.

Spivak & Kantor, New York City, for defendants Richard F. Walsh, Roy Brewer and John Francavilla. Louis Kantor, New York City, of counsel.

Schwartz & Fronlich, New York City, for Columbia Pictures Corp. and Columbia Pictures International Corp. Myles J. Lane, New York City, of counsel.

Sidney Schreiber, New York City, for Motion Picture Ass'n of America, Inc., and Association of Motion Picture Producers.

Benjamin Melniker, New York City, for Loew's Inc. and Loew's International Corp.

Howard Levinson, New York City, for Warner Bros. Pictures, Inc., Warner Bros. Pictures International Corp. and Warner Bros. Pictures Distributing Corp.

Leonard Kaufman, New York City, for Paramount Pictures Corp., Paramount International Films, Inc. and Paramount Film Distributing Corp.

Adolph Schimel, New York City, for Universal Pictures Co., Inc., Universal Film Exchanges, Inc. and Universal International Films, Inc.

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for United Artists Corp., Eagle Lion Classics, Inc., National Screen Service Corp., Comodia Enterprises, Inc. and City Entertainment Corp.

Simpson, Thacher & Bartlett, New York City, for Atlas Corp. (successor by merger to defendant RKO Pictures Corp.).

Royall, Koegel & Rogers, New York City, for Twentieth Century-Fox Film Corp., Twentieth Century-Fox International Corp. and Twentieth Century-Fox Inter-America, Inc.

Joseph E. McMahon, New York City, for Republic Productions, Inc., Republic Pictures Corporation and Republic Pictures International Corp.

William B. Jaffe, New York City, for Allied Artists Pictures Corp., Allied Artists Productions, Inc. and Allied Artists International Corp.

Regan, Goldfarb, Powell & Quinn, New York City, for RKO Teleradio Pictures, Inc. (formerly known as RKO Radio Pictures, Inc.).

James L. O'Connor, New York City, for Pathe Laboratories, Inc. and Chesapeake Industries, Inc.

Jacobs, Persinger & Parker, New York City, for Reeves Sound Studios, Inc.

Paskus, Gordon & Hyman, New York City, for Schwerin Research Corp.

Frederick W. R. Pride, and Charles F. Young, New York City, for West Coast Theatre Corp. and West Coast Agency Corp.

Michael F. Mayer, New York City, for Arthur Mayer and Council of Motion Picture Organizations, Inc.

Cahill, Gordon, Reindel & Ohl, New York City, for Radio Corp. of America.

SUGARMAN, District Judge.

In this suit by two corporate plaintiffs who produced and distributed a motion picture film, defendants are charged with a conspiracy against the production and distribution of the film. The corporate plaintiffs sought to prevent defendants from taking their depositions by Biberman and Jarrico (former officers of the plaintiffs) as plaintiffs' managing agents. That motion was denied.[1] In the order denying the motion it was provided *inter alia*

"that the examination by defendants of plaintiffs by Paul Jarrico as

---

1. *Independent Productions Corp.* v. *Loew's Incorporated*, D.C.S.D.N.Y.1959, 24 F.R.D. 19.

managing agent shall proceed on a date and at a place to be agreed upon by the parties or, in the absence of such agreement by the parties, on a date and at a place to be fixed by the Court".

Five months later this court dismissed the complaint [2] because when Biberman (who like Jarrico had been ordered produced for the plaintiffs' depositions as their managing agent) appeared for examination, plaintiffs' counsel stated that plaintiffs were "not tendering Mr. Biberman in any capacity and do not recognize him as a managing agent of either corporation * * *. There are no managing agents."

The Court of Appeals for this circuit held that dismissal to be an abuse of discretion [3] stating, in spite of what is hereinabove observed, that

"when Biberman was presented *by the plaintiff corporations* at the time and place the court specified, was sworn, and submitted to examination, *plaintiffs had appeared, had fully complied with the court order, and were not subject to sanctions for failure to appear.*" (Emphasis supplied.)

The only reasonable interpretation that can be placed upon that language is that Biberman was a managing agent of the plaintiffs as he had been held to be (note 1 supra); otherwise there could be no basis for attributing to the corporate plaintiffs compliance with the order that they be examined by Biberman as their managing agent. The same of course applies to Jarrico.

Defendants have since sought to take plaintiffs' depositions by the other managing agent Jarrico. They advised the court by letter that they and plaintiffs'

attorneys could not reach an agreement as to the time and place thereof.

They now move by notice and affidavit filed May 17, 1961 that the time and place be fixed by the court. There is thus presented the alternative contemplated by the order first hereinabove quoted and it becomes incumbent upon the court to resolve the problem of the date and place of the taking of the deposition of the plaintiffs by Jarrico as managing agent.

The plaintiffs oppose the motion on two grounds, viz.,

"(a) That Jarrico is not now plaintiffs' managing agent.

"(b) Defendants' motion is made knowing that Mr. Jarrico has been living in Paris since 1958 without any intention of examining him on the merits of the case and solely for the purpose of putting to him the same questions concerning his political beliefs and associations which they have good reason to believe he will not answer on constitutional grounds and which Judge Dimock has held Biberman need not answer even assuming he is plaintiffs' managing agent."

Nothing appears in the papers before me which shows that Jarrico is not now a managing agent of the plaintiffs.

Nor is there merit to the second ground of opposition. The court will not speculate whether defendants will put some allegedly improper questions to a witness when there can be no doubt that lines of interrogation will be pursued which are certainly material and relevant. Judge Herlands has held relevant the line of inquiry to which plaintiffs object at this time.[4] Judge Dimock agreed in another opinion on a motion in this action,[5] although he was of the

**2.** Independent Productions Corp. v. Loew's Incorporated, S.D.N.Y.1959, 24 F.R.D. 360.

**3.** Independent Productions Corp. v. Loew's Incorporated, 2 Cir., 1960, 283 F.2d 730, 732.

**4.** Independent Productions Corp. v. Loew's Incorporated, D.C., 22 F.R.D. 266, 271 et seq.

**5.** 27 F.R.D. 426.

belief that the complaint need not be jeopardized for failure to answer certain proposed questions.

"The questions which the witness refused to answer were those directed toward proof that defendants' refusals to deal with plaintiffs did not evidence an antitrust conspiracy on their part, but resulted rather from an independent exercise of business judgment by each defendant based on the Communist connections of plaintiffs and their consequent undesirability as associates for persons to whom good public relations were important. I am willing to accept the proposition that proof of that kind is essential to defendants' case. I cannot, however, accept the proposition that it is not available except in the mouth of the witness Biberman. Indeed evidence of general repute of Communist association would be more valuable than even an admission by the witness of such association."

In effect I disagreed with the statement in the sentence last quoted, in my decision in this action (Conclusion of Law II), reported in 24 F.R.D. 360, at page 362. I am constrained to still differ with my learned colleague Judge Dimock and to adhere to my holding that Jarrico, as a managing agent of plaintiffs, like Biberman, is in a unique position to shed light on the genesis of the motion picture "Salt of the Earth" produced and distributed by plaintiffs. This is for the reason that the defendants rely not only on the defense of independent business judgment but also on their contention that the plaintiffs' film was produced and distributed in an attempt to implement the Communist Party's scheme to achieve world domination. Jarrico and Biberman are the only persons who can testify first hand on the merits of this defense.

Plaintiffs' suggestion that any deposition of plaintiffs through Jarrico ought to be taken upon written interrogatories is rejected. An oral deposition is required because it seems obvious that Jarrico's testimony cannot be otherwise satisfactorily taken.

The deposition of plaintiffs by Paul Jarrico as managing agent will be taken in Room 601, United States Courthouse, Foley Square, New York, on the 21st day of August, 1961, at 10:30 A.M., and to continue each day thereafter until concluded.

It is so ordered.