**INDEPENDENT PRODUCTIONS CORPORATION and IPC Distributors, Inc., Plaintiffs,**

v.

**LOEW'S INCORPORATED et al., Defendants.**

United States District Court
S. D. New York.
May 15, 1962.

See also 283 F.2d 730.

Dickstein, Shapiro & Galligan, New York City, for plaintiffs, David I. Shapiro and Arthur J. Galligan, New York City, of counsel.

Schwartz & Frohlich, New York City, for defendants Columbia Pictures Corp. and Columbia Pictures International Corp., Myles J. Lane, Everett A. Frohlich, Bernard R. Sorkin and Georgiana K. Morrison, New York City, of counsel.

Sidney Schreiber, New York City, for defendants Motion Picture Assn. of America, Inc. and Assn. of Motion Picture Producers, Inc.

Benjamin Melniker, New York City, for defendants Loew's Inc. and Loew's International Corp.

Howard Levinson, New York City, for defendants Warner Bros. Pictures, Inc., Warner Bros. Pictures International Corp. and Warner Bros. Pictures Distributing Corp.

Leonard Kaufman, New York City, for defendants Paramount Pictures Corp., Paramount International Films, Inc. and Paramount Film Distributing Corp.

Adolph Schimel, New York City, for defendants Universal Pictures Co., Inc., Universal Film Exchanges, Inc. and Universal International Films, Inc.

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for defendants United Artists Corp., Eagle Lion Classics, Inc., Nat. Screen Services Corp., Comedia Enterprises, Inc. and City Entertainment Corp.

Royall, Koegel & Rogers, New York City, for defendants Twentieth Century-Fox Film Corp., Twentieth Century-Fox International Corp. and Twentieth Century-Fox Inter-America, Inc.

William B. Jaffe, New York City, for defendants Allied Artists Pictures Corp., Allied Artists Productions, Inc., Allied Artists International Corp., and Allied Artists Distributing Corp.

Frederick W. R. Pride and Charles F. Young, New York City, for defendants West Coast Theatre Corp. and West Coast Agency Corp.

Michael F. Mayer, New York City, for defendants Arthur Mayer and Council of Motion Picture Organizations, Inc.

Spivak & Kantor, New York City, for defendants Richard F. Walsh, Roy Brewer and John J. Francavilla, Louis Kantor, New York City, of counsel.

Jacobs, Persinger & Parker, New York City, for defendant Reeves Sound Studios, Inc., George J. Solleder, Jr., New York City, of counsel.

Simpson, Thacher & Bartlett, New York City, for defendant Atlas Corp. (successor by merger to defendant RKO Pictures, Inc.), Edwin L. Weisl, Jr., New York City, of counsel.

METZNER, District Judge.

This is a suit under the Sherman and Clayton Acts against more than one hundred corporate and individual defendants. Plaintiff Independent Productions Corporation is the producer of a motion picture, "Salt of the Earth", and plaintiff IPC

Distributors, Inc. is the assignee of exclusive distribution rights in the picture. The defendants are producers, distributors and exhibitors of motion pictures, companies engaged in the business of developing and processing motion picture film, and officials of the International Association of Theatrical and Stagehand Employees Union (IATSE).

This motion is brought pursuant to Fed.R.Civ.P. 37(b), 28 U.S.C.A. to dismiss the complaint, or for such other relief as may appear just, on the ground that plaintiffs have failed to comply with an order of this court under Rule 37(a), directing that plaintiffs by their managing agent, Paul Jarrico, answer certain questions propounded by defendants. The order reserved to plaintiffs the right to challenge the relevancy of the questions and Jarrico's status as managing agent. Jarrico again refused to answer these questions and this motion followed.

The complaint charges a conspiracy to prevent the production, distribution and exhibition of plaintiffs' film, which conspiracy it is alleged tended to and actually did restrain and monopolize interstate commerce.

Defendants have denied the essential allegations of the complaint and interposed affirmative defenses which are not relevant to the disposition of this motion. Defendants Walsh and Francavilla, officials of IATSE, in addition allege an affirmative defense that plaintiffs were formed by persons affiliated with the Communist Party, to employ Communists and to produce and distribute pictures designed to promote Communist aims, and that defendants acted pursuant to union rules proscribing dealings with Communists, rather than in pursuance of a conspiracy to restrain trade.

The controversy turns on questions relating to Communist Party membership and sympathies of persons associated with plaintiffs. Defendants have already examined plaintiffs by three individuals in addition to Jarrico, to whom these questions have been propounded. These individuals refuse to answer any questions of this type other than those inquiring as to present Communist Party affiliations of the deponent, and whether deponent advocates the forceable overthrow of the government.

Plaintiffs contest the imposition of sanctions requested by this motion on two grounds. First, they deny that Jarrico is their managing agent and assert that therefore they cannot be penalized for his default. Second, they challenge the relevancy of the posed questions. They further contend that if some sanction is imposed, an order of dismissal would be improper since it would violate due process.

Jarrico and Herbert Biberman are the producer and director, respectively, of plaintiffs' motion picture. They were among the founders of plaintiffs and, until May 1956, were officers of plaintiffs. They retain a financial interest in the proceeds of the picture through substantial stock interests in plaintiff corporations.

In 1955 plaintiff IPC instituted an action in the United States District Court for the Northern District of Illinois to enjoin the Chicago Moving Picture Machine Operators Union from interfering with the exhibition of the film. Interrogatories were posed that asked political questions of Biberman and Jarrico. Upon their refusal to answer, the complaint was dismissed. Shortly thereafter, Jarrico and Biberman were advised by counsel that the same result might follow in the instant suit which plaintiffs were about to file. Jarrico and Biberman thereupon resigned as officers of plaintiff corporations.

After the filing of the instant suit, defendants served notices to take plaintiffs' depositions by Biberman and Jarrico as managing agents. A motion to vacate these notices on the ground that neither was a managing agent was denied by Judge Sugarman, D.C., 24 F.R.D. 19 (1959). The deposition of Biberman proceeded and when he refused to answer

questions similar to those involved on this motion, a motion was made under Rule 37(a) to compel answers. Plaintiffs on the argument of that motion again denied that Biberman was their managing agent and an oral motion to dismiss the complaint on the ground that plaintiffs had failed to appear was granted. D.C., 24 F.R.D. 360 (1959). The order of dismissal was reversed by the Court of Appeals, 2 Cir., 283 F.2d 730 (1960) predicated on the holding that when Biberman was sworn and submitted to examination plaintiffs had complied with the prior order of the court ordering them to appear, and thus the dismissal was an abuse of discretion. Inherent in this determination is a finding that Biberman was a managing agent of plaintiffs. Since the operative facts are the same in the case of Jarrico, he too is to be considered plaintiffs' managing agent. See Independent Prods. Corp. v. Loew's Inc., 28 F.R.D. 19, 21 (S.D.N.Y.1961).

In June 1961 the court was presented again with the argument that Jarrico was not a managing agent, on a motion to fix a date for his deposition. Judge Sugarman again rejected this contention. 28 F.R.D. 19.

Plaintiffs for the third time challenge Jarrico's status as managing agent and point to certain facts elicited on his deposition which were not before Judge Sugarman. They claim that Jarrico has been employed by some of the defendants since 1958, and discussed work with other defendants. Furthermore, to show their good faith and that Jarrico no longer serves their interests, they rely on the fact that they consented to the order requiring him to answer as managing agent, that they requested him to answer, and that he refused to answer, though aware that dismissal of the complaint might follow.

The fact that Jarrico may have worked for defendants is irrelevant to the question whether he is managing agent of plaintiffs, since a man may hold two positions at one time. If plaintiffs' contention is sustained that Jarrico is not now ready to serve their interest because he refuses to answer the questions, any managing agent would cease to be a managing agent *eo instanti* when he refused to answer any question that his corporation directed him to answer. The evasion of discovery rules that would follow such a ruling is apparent. The fact of direction to answer and refusal should be considered only in connection with the type of sanction appropriate under Rule 37(b).

Ordinarily on a motion under 37(b) there will be no need to inquire into the propriety of the questions unanswered, since this will have been determined on the motion under 37(a). See 2A Barron & Holtzoff, Federal Practice and Procedure § 851, at 532 (Wright rev. 1961); 4 Moore, Federal Practice ¶ 26.16, at 1069 (2d ed. 1950); Note, Developments in the Law—Discovery, 74 Harv.L.Rev. 940, 986 (1961). However, the 37(a) order in this case, entered on consent, specifically reserved to plaintiffs the right to raise this issue on this motion.

Defendants contend that the questions that Jarrico refused to answer are relevant to show that defendants' conduct was individual rather than conspiratorial. To prove that their conduct was individual, they may prove that the existence of certain circumstances would require a particular business decision. Theatre Enterprises, Inc. v. Paramount Film Distributing Corp., 346 U.S. 537, 74 S.Ct. 257, 98 L.Ed. 273 (1954); Independent Prods. Corp. v. Loew's Inc., 22 F.R.D. 266, 271 (S.D.N.Y.1958). In order to show that their conduct was motivated solely by these business considerations, the defendants would show that at the time they acted they actually believed the circumstances to exist, and that they were reasonable in so believing. Thus, they contend, a showing of the actual existence of such facts is proper.

Judge Herlands approved this reasoning on a motion to compel Lazarus, president of both plaintiffs and sole stockholder of IPC, to answer questions about

his association with the Communist Party, his reading of subversive books and magazines and the reasons for and the truthfulness of his assertion of the fifth amendment privilege before the House Un-American Affairs Committee. He therefore held the questions relevant, saying that "a jury may find that, if a defendant believes a condition to exist and that the condition does exist, the defendant's belief was reasonable." 22 F.R.D. 266, 272 (1958).

Subsequently, Judge Dimock said in relation to these questions that "I am willing to accept the proposition that proof of that kind is essential to defendants' case." 27 F.R.D. 426, 429 (1961). Judge Sugarman was of the same mind, but disagreed with another sentence in the paragraph containing the above quoted language. 28 F.R.D. 19, 21-22. To the extent that we are considering propriety in deposition proceedings, I also find the questions relevant. The scope of relevancy in deposition proceedings is broader than at trial. Independent Prods. Corp. v. Loew's Inc., supra, 22 F.R.D. at 271, and cases cited therein; 2A Barron & Holtzoff, supra, § 641, at 14; 4 Moore, supra, ¶ 26.16.

We come now to the sanction to be imposed for failure of Jarrico to answer relevant questions. Rule 37(b) (2) provides for the imposition of sanctions when "any party or an officer or managing agent of a party" disobeys an order made under Rule 37(a). The wording of the rule clearly indicates that the acts of one determined to be the managing agent of a party are imputed to the party. See First Iowa Hydro Elec. Coop. v. Iowa-Illinois Gas & Elec. Co., 245 F.2d 613, 628 (8th Cir.), cert. denied, 355 U.S. 871, 78 S.Ct. 122, 2 L.Ed.2d 76 (1957).

A mere failure to comply with an order under Rule 37(a) is sufficient to justify the imposition of sanctions under Rule 37(b); proof of wilfulness is not required. Societe Internationale etc. v. Rogers, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). The provision in the rule for the entry of such orders as are just permits the court to judge the fault of the party and to decree an appropriate sanction. Bernat v. Pennsylvania R.R., 14 F.R.D. 465 (E.D.Pa.1953); see Note, 74 Harv.L.Rev. 940, 987-88. Compare Societe Internationale v. Rogers, supra, with Von Der Heydt v. Kennedy, 299 F.2d 459 (D.C. Cir. 1962), petition for cert. filed, 30 U.S.L. Week 3341 (U.S. April 24, 1962) (No. 901).

Plaintiffs have produced Jarrico to testify. They have directed him to answer the questions propounded. He persists in asserting his privilege which is not of recent origin nor attributable to this lawsuit. The problem presented is whether he should be able to possibly benefit financially from this litigation while relying on his constitutional privilege, and at the same time place the defendants at a disadvantage in protecting their position in this lawsuit. Obviously the corporate plaintiffs may not obtain such advantage, and by their position on this motion they do not claim such right. They do seek to defeat the sanction of dismissal.

Plaintiffs have offered a stipulation to cover the questions asked by defendants. Defendants have not commented on the scope or effectiveness of the stipulation because they rejected it out of hand on the assumption that they are entitled to a dismissal of the action under Rule 37 (b) (2) (iii). The Supreme Court in the Rogers case, supra, said that, considering the findings in that case,

> "and the serious constitutional questions we have noted, we think that Rule 37 should not be construed to authorize dismissal of this complaint because of petitioner's noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner."

357 U.S. at 212, 78 S.Ct. at 1095. The Second Circuit has said in the instant case that dismissal with prejudice is a

"drastic [remedy], and should be applied only in extreme circumstances", and that such a judgment should not be entered as a discovery sanction " 'except upon a serious showing of willful default.' " 283 F.2d 730, 733.

See also 28 F.R.D. 588.

On the facts of this case I do not find that dismissal would be justified. Rather, I find a sanction under Rule 37(b)(2)(i) to be appropriate. The motion is disposed of by directing the parties to submit proposed stipulations covering the questions propounded and unanswered, with memoranda as to the scope and effectiveness of the respective proposals to and the court in drafting the stipulation to be entered in the order to be settled on this decision.