John MEYERS, Jr., et al., Plaintiff,

v.

ACE HARDWARE, INC., et al., Defendant.

No. C 81–255.

United States District Court, N. D. Ohio, W. D.

Aug. 10, 1982.

**148**

Robert J. Affeldt, Sylvania, Ohio, for plaintiff.

Theodore M. Rowen, Toledo, Ohio, for defendant.

### MEMORANDUM and ORDER

WALINSKI, District Judge:

This matter is before the Court for disposition of various motions filed by the parties. On April 21, 1981, the plaintiffs filed the complaint in this action alleging that the defendants actively engaged in the practice of racial discrimination toward their minority employees. The instant lawsuit is an across the board class action instituted on behalf of the plaintiffs and others similarly situated, and maintained pursuant to 28 U.S.C. §§ 1331, 1337, 1343(4), 2201 and 2202.

The complaint pleads a suit in equity authorized and instituted pursuant to the Civil Rights Act of 1866, 1870 and 1871, codified at 42 U.S.C. § 1981 et seq. Plaintiffs subsequently sought leave to amend their complaint to include allegations of violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*

The first motion to be addressed by the Court is plaintiffs' motion to supplement the complaint, and defendant's opposition thereto. In this motion plaintiffs seek to supplement their original complaint with EEOC right-to-sue letters in an effort to state a Title VII cause of action. However, plaintiffs subsequently filed a motion to withdraw their motion to supplement. In lieu of the former motion, plaintiffs proffered a motion for leave to file a first amended complaint, in which the proper Title VII allegations are advanced. Since the plaintiffs have in effect withdrawn their motion to supplement, of the three motions, the Court will be required to render a decision only as to the motion for leave to file an amended complaint.

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend a complaint only by leave of the Court when a responsive pleading has been filed in the case. In the instant lawsuit, with a responsive pleading having been filed by the defendant, Rule 15(a) comes into play. Rule 15(a) further provides that "leave shall be freely given when justice so provides." This mandate was strongly reaffirmed by the Supreme Court in *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The general practice of the Federal Courts is to liberally allow amendments of the pleadings. *See:* 3 *Moore's Federal Practice*, ¶ 15.08(2) at 59 (2d ed. 1981). In accordance with these principles, a Court should allow a party to amend its pleading, unless there is evidence of bad faith, undue delay, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment, or futility of the amendment. *Foman v. Davis, supra*, at 182, 83 S.Ct. at 230.

Plaintiffs seek to amend the complaint *sub judice* in order to properly assert Title VII allegations. The Court finds these circumstances more than adequate to justify the amendment to the complaint. Defendants have not complained of any hardship or prejudice as a result of this amendment; also absent are the other circumstances denominated in *Foman v. Davis* that would militate against the granting of an amendment. Therefore, in accordance with the policy of liberal allowance of amendments to pleadings, and in the absence of harm to the defendants, the Court grants plaintiffs' motion for leave to file the first amended complaint.

The defendants have filed a motion to dismiss attacking different aspects of the plaintiffs' complaint. Each aspect of the motion to dismiss will be dealt with separately in this memorandum and order.

At this juncture the Court notes that appended to defendant's motion to dismiss are various exhibits. Defendants have filed their motion to dismiss pursuant to Rule 12(b)(6) of the Fed.R.Civ.P., alleging the failure of plaintiffs to state a claim for which relief can be granted. The rule provides that

> [i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Rule 12(b), Fed.R.Civ.P. In light of this provision, notwithstanding the fact that defendant's motion was proffered pursuant to Rule 12(b)(6), the motion is to be judged according to the standards delineated in Rule 56 relevant to summary judgment.

As noted, Rule 56 governs the disposition of motions filed in quest of summary judgment. Rule 56(c) states in part:

> (c) The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law...

■ In ruling on a motion for summary judgment, the duty of the Court is to determine whether a genuine factual dispute exists, and if so, not to resolve it. *United States v. Diebold, Inc.,* 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Tee-Pak, Inc. v. St. Regis Paper Co.,* 491 F.2d 1193 (6th Cir. 1974). Moreover, "[i]n ruling on a motion for summary judgment, the Court must construe the evidence in its most fa-

vorable light for the party opposing the motion and against the movant." *Bohn Aluminum & Brass Corp. v. Storm King Corp.,* 303 F.2d 425, 427 (6th Cir. 1962). To summarize, the Court must weigh most favorably for the party opposing the motion; if reasonable minds could differ as to a material fact in issue, then a genuine factual dispute exists and the motion for summary judgment must be denied.

The first issue raised by the motion to dismiss relates to allegations of class discrimination asserted by the plaintiffs in their amended complaint. In order to prosecute a case as a class action, the prerequisites to the maintenance of a class action must be met. The rule containing these requirements states that:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Rule 23(a), Fed.R.Civ.P.

■ Plaintiffs' amended complaint is predicated both on § 1981 and on Title VII. Title VII claims are especially well suited for adjudication as class action lawsuits. The Supreme Court, in *East Texas Motor Freight, Inc. v. Rodriguez,* 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977) noted "that suits alleging racial or ethnic discrimination are often by their very nature classwide wrongs. Common questions of law or fact are commonly present." *Id.* at 405, 97 S.Ct. at 1897. *See also: General Telephone Co. of Southwest v. Falcon,* —— U.S. ——, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982).

■ Notwithstanding the status of racial discrimination causes of action as common vehicles for class action lawsuits, the individual litigant seeking to maintain a class action must satisfy the prerequisites delineated in Rule 23(a). "Title VII, however

contains no special authorization for class suits maintained by private parties. An individual litigant seeking to maintain a class action under Title VII must meet 'the prerequisites of numerosity, commonality, typicality, and adequacy of representation' specified in Rule 23(a)." *Falcon, supra,* —— U.S. at ——, 102 S.Ct. at 2370. *See also: General Telephone Co. v. EEOC,* 446 U.S. 318, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980). Accordingly, the Court will apply the four prong test enumerated in Rule 23(a) to determine if the named plaintiffs herein are the proper litigants to advance this case as a class action lawsuit.

■ As a preliminary matter, the Court must first address the argument of plaintiffs that any motion to dismiss the class issues is premature insofar as the plaintiffs have not yet moved the Court for class certification. Contrary to plaintiffs' assertion, the time is ripe for the Court to consider the class allegations present in the amended complaint. The rules on class actions provide in part that "[a]s soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." Rule 23(c)(1), Fed.R.Civ.P. With the plethora of information before it, the court is more than able to render a decision on the maintainability of this case as a class action. *See: Campbell v. A. C. Peterson Farms, Inc.,* 14 FEP Cases 1324 (D.Conn.1975).

■ In this action the plaintiffs seek to represent a class composed of "all past, present and future black employees of the defendant Ace Hardware Inc. . . . who have been, are or will be discriminated against because of the defendant's discriminatory personnel policies."[1] The class based allegations against Ace Hardware relate to:[2]

a. Discrimination in promotional practices as evidenced by white employees with less seniority being promoted over blacks;

b. The Company's policies and practices are applied strictly when blacks are concerned and with leniency and consideration where whites are concerned thus enabling whites to remain on the job, receive promotions, and other benefits not available to blacks;

c. There are very few, if any, blacks in managerial positions with the Company despite the fact that there are many black employees qualified for said positions;

d. The Company refuses to appoint any blacks to supervisory positions;

e. The Company discriminates against blacks in recruitment, hiring, transfer and promotional practices as well as other personnel practices;

f. The Company permits whites to become intoxicated on the job, hit supervisors, sleep on the job, while firing blacks for minor infractions.

It is with this backdrop that the Court will now analyze the plaintiffs' relationship to and compliance with the Rule 23(a) prerequisites.

The first element to be addressed by the Court concerns commonality. Rule 23(a)(2) provides that a class action may be maintained only where "there are questions of law or fact common to the class, . . ."

■ The commonality requirement dictates that "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *East Texas Motor Freight, supra,* 431 U.S. at 395, 97 S.Ct. at 1892. It must be demonstrated that a particular group, of which plaintiff is a member, has been injured by a particular unlawful practice.

■ The mere fact that a complaint makes across the board attacks on alleged discriminatory practices does not in and of itself satisfy the commonality requirement of Rule 23(a)(2). The claimants are compelled to affirmatively demonstrate compliance with the commonality element, not-

---

**1.** Amended complaint, paragraph 8.

**2.** Amended complaint, paragraph 18(a)–(f).

withstanding the assertion of across the board charges. In this vein, the United States Supreme Court noted:

> We cannot disagree with the proposition underlying the across-the-board rule that racial discrimination is by definition class discrimination. But the allegation that such discrimination has occurred neither determines whether a class action may be maintained in accordance with Rule 23 nor defines the class that may be certified. Conceptually, there is a wide gap between (a) an individual's claim that he has been denied a promotion on discriminatory grounds, and his otherwise unsupported allegation that the company has a policy of discrimination, and (b) the existence of a class of persons who have suffered the same injury as that individual, such that the individual's claim and the class claims will share common questions of law or fact and that the individual's claim will be typical of the class claims.

*Falcon, supra,* —— U.S. at —— – ——, 102 S.Ct. at 2370–71. *See: Ricks v. Schlesinger,* 24 FEP Cases 694 (D.D.C.1979). Where the conduct complained of peculiarly affects the named plaintiffs in a singular way, to the extent that the alleged discriminatory conduct is intimately related to the plaintiffs, then the aspect of commonality is absent.

An examination of the plaintiffs' work records indicates that their claims herein do not have a close relationship to those of the class that they seek to represent. The employment history of both named plaintiffs clearly demonstrates that their grievances are highly individualized and could not possibly possess any common factual or legal traits relevant to the class.

The work record of plaintiff John Meyers indicates longstanding noncompliance with Company work rules and policies, insubordination and questionable attendance. The employment history of plaintiff Robert Sparks is equally anomalous from that of the class he seeks to represent. At the very minimum it can be stated that Sparks has exhibited a very poor record concerning his attendance at work.

The employment histories of the two named plaintiffs set them apart from the class that they seek to represent. The individualized nature of their claims is a direct result of their checkered work experience with the defendant.

Moreover, the complaint herein encompasses the entire work relationship, including hiring and promotions. However, notwithstanding the allegations of discrimination toward the class, the facts surrounding Sparks and Meyers have absolutely nothing to do with hiring and promotions. The named plaintiffs in a class action are not permitted to represent a class of prospective or potential employees because they *were* in fact hired by the defendant. *See e.g., Fields v. Village of Skokie,* 502 F.Supp. 456 (N.D.Ill.1980); Cf. *East Texas Motor Freight, supra,* 431 U.S. at 404, 97 S.Ct. at 1897.

Concerning questions of promotion, the work records of the two named plaintiffs again militate against a finding of commonality. There is a real question concerning the promotability of either Meyers or Sparks, and this hesitancy to promote relates solely to the plaintiffs' work histories. As such, plaintiffs' work records are characteristics unique to these individuals, and anomalous from those of the class. Therefore, in view of the foregoing, the Court finds the complete absence of commonality.

Rule 23(a) also mandates a finding of typicality in order to maintain a lawsuit as a class action. "The typicality requirement demands that the named plaintiffs be proper members of that class with the disputed issue occupying essentially the same degree of centrality to their claim as to that of other members of their purported class." *Taliaferro v. State Council of Higher Education,* 372 F.Supp. 1378, 1387 (E.D. Va.1974). The concept of typicality is directed at the claims of the named plaintiffs, in which it is required that these individuals demonstrate that their claims and defenses are typical to those of the class.

The defendants submit, and the Court agrees, that a review of the named plaintiffs' individual work histories demonstrates that their claims and defenses are not typical to those of other minority employees. Meyer's and Spark's questionable work records while employed with Ace Hardware transform their claims into a category more atypical than those of the potential class. The plaintiffs' work records create a gap between (a) their claims of individual discrimination and their otherwise unsupported allegations of Ace's policy of discrimination, and (b) the existence of a class of individuals who suffered the same injury, such that the plaintiffs' claims will be typical of the class claims. *See: Falcon, supra,* ―― U.S. ――――――, 102 S.Ct. 2370–71. In light of the foregoing, the Court finds the requirement of typicality lacking in the case *sub judice.*

■ Rule 23(a) also enumerates the prerequisite that the class representatives must adequately and fairly protect the interests of the class. The imposition of adequacy of representation as a criteria was made in recognition of the binding nature of a judgment in a class action on absent members of the class. *Hansberry v. Lee,* 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940).

■ In order for a named plaintiff to be an adequate representative for the class, it must be demonstrated that he is a member of the class, as well as possess the same interest and suffer the same injury as the class members. *East Texas Motor Freight, supra,* 431 U.S. at 403, 97 S.Ct. at 1896. Due to the aforementioned employment records of the plaintiffs, the Court does not believe that they would be adequate representatives for the class. The plaintiffs' work histories set them apart from the class as a whole. The litigation of this case from the standpoint of Meyers and Sparks is bound to be entangled with issues concerning their poor employment records. This will detract from the interests of the class, as well as work to its disadvantage at trial.

The plaintiffs' work histories transform their grievances from a matter of class based discrimination to allegations based on individualized claims. As such, the plaintiffs' causes of action may not have a sufficient enough interest or similarity to the claims of the other class members to adequately ensure that the interests of the class as a whole will be protected. As a result, the Court finds the named plaintiffs to be inadequate representatives for the class.

Rule 23(a) contains an additional prerequisite related to numerosity. However, each element of Rule 23(a) must be met in order to maintain a lawsuit as a class action. In view of the court's ruling on the requirements of commonality, typicality and adequacy of representation, it will be unnecessary to address the issue of numerosity. With the Court specifically holding that the facts *sub judice* fail to demonstrate commonality, typicality and adequacy of representation, the provisions of Rule 23(a) have not been met. Therefore, defendant's motion to dismiss the class action portion of the complaint is granted.

Defendant's motion to dismiss also addressed the § 1981 claim. The main thrust of defendant's motion in regard to the § 1981 claim centers on their argument that the plaintiffs have failed to demonstrate proof of a racially discriminatory purpose in regard to the conduct complained of. For the reasons to follow, the court disagrees with defendants, and will permit the § 1981 claim to stand.

■ Section 1981 is derived from the Civil Rights Act of 1866 and has its origins in the Thirteenth and Fourteenth Amendments to the United States Constitution. In *Washington v. Davis,* 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976) the Supreme Court held that proof of discriminatory intent was required to demonstrate a violation of the Fourteenth Amendment and the Equal Protection Clause. This holding was reinforced in *Arlington Heights v. Metropolitan Housing Corp.,* 429 U.S. 252, 265, 97 S.Ct. 555, 563, 50 L.Ed.2d 450 (1977) when the Supreme Court, in reference to *Davis,* declared that "[p]roof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause."

Following *Davis* and *Arlington Heights*, a number of Courts have held that a claim based on 42 U.S.C. § 1981 requires a showing of discriminatory animus. *See e.g., Arnold v. Ballard*, 448 F.Supp. 1025 (N.D.Ohio 1978); *Crawford v. Western Electric Co., Inc.*, 614 F.2d 1300 (5th Cir. 1980); *Mescall v. Burrus*, 603 F.2d 1266 (7th Cir. 1979); *Chicano Police Officer's Association v. Stover*, 552 F.2d 918 (10th Cir. 1977); *Donnell v. General Motors Corp.*, 576 F.2d 1292 (8th Cir. 1978). In *Arnold v. Ballard, supra,* the Court stated that

> the great majority of Courts which have considered this question have concluded that section 1981 must be governed by the same considerations as the constitutional provisions from which it is derived. Accordingly, since proof of discriminatory intent is a necessary element of a constitutional violation after *Washington v. Davis,* the same proof must be required to make out a violation of Section 1981.

448 F.Supp. at 1028. This Court on prior occasions has held that proof of discriminatory animus is necessary in order to maintain a § 1981 claim,[3] and will so follow that line of reasoning.

Defendant's main contention in regard to the § 1981 claim centers on its argument that the work records of Meyers and Sparks, as well as a chart of discharged warehouse employees[4] demonstrate a total lack of discriminatory intent on the part of Ace Hardware. However, plaintiffs, in their response to defendant's motion to dismiss, attached the affidavits of plaintiff Sparks and Lester Roberts. These statements place in dispute the issue of intent to discriminate.

Defendants contest the veracity and accuracy of the affidavits filed by Sparks and Lester Roberts. However, as noted herein, the motion to dismiss is being judged as if it were a motion for summary judgment. If any conflicts exist relative to material facts, the Court is not permitted to grant summary judgment to the moving party. The case *sub judice* presents a conflict of material facts, the resolution of which is solely the province of a jury. Therefore, as it pertains to the § 1981 claim, the motion to dismiss is denied.

The last matter to be taken up by the Court concerns plaintiffs' motion to compel discovery and for sanctions. For the reasons to follow, the Court finds this motion not well taken, and will deny plaintiffs' motion to compel and for sanctions.

Pursuant to an agreement of the parties, depositions were scheduled on September 1 and 2, 1981 in Oak Brook, Illinois. To be deposed were Joseph Barnes, Roger Peterson, John Lengyel, Richard Kriske, Ronald Sekenske and Arthur Krausman. On September 1, 1981 plaintiffs proceeded to depose Roger Peterson, Ronald Sekenske and Joseph Barnes.

On the morning of September 2, 1981 the deposition of Joseph Barnes was recommenced. After an objection by counsel for defendants and explanation by counsel to expound on the basis for the objection, plaintiffs' attorney terminated the deposition, departed Oak Brook, and filed the motion *sub judice.*

In conjunction with the depositions heretofor described, a request for production of documents was filed by plaintiffs. On August 27, 1981 the defendants filed objections to the notice for production of documents. Plaintiffs did not request a discovery conference to iron out the objections prior to or at the time of the depositions.

Plaintiffs' motion to compel discovery and for sanctions seeks an order to compel defendants to resume depositions in Toledo, as well as an assessment of sanctions in the amount of $610.96 representing plaintiffs' expenses as a result of defendant's alleged

---

**3.** *See: Williams v. Chrysler Corp.,* No. C 77–596 (N.D.Ohio, Oct. 30, 1981) (order granting summary judgment); *Pensen v. Chrysler Corp.,* No. C 77–379 (N.D.Ohio, Nov. 5, 1981) (order granting in part motions for summary judgment). Moreover, the Supreme Court has recently held that proof of discriminatory intent is required to establish liability for racial discrimination under 42 U.S.C. § 1981. *General Building Contractors Association, Inc. v. Pennsylvania,* —— U.S. ——, 102 S.Ct. 3141, 73 L.Ed.2d 835 (1982).

**4.** Chart IV contained in defendant's motion to dismiss at pp. 28–30.

failure to cooperate at the Oak Brook depositions. It is against this backdrop that the Court shall now explain the rationale for its decision.

■ The Court will first direct its attention to the request for production of documents, and the objections filed thereto. Local Civil Rule 3.04 provides:

> Counsel are encouraged to participate in pretrial discovery conferences to reduce in every way possible the filing of unnecessary discovery procedures. To curtail undue delay in the administration of justice, no discovery procedure filed under Rules 26 through 37 of the Federal Rules of Civil Procedure to which objection or opposition is made by the responding party shall be taken under consideration by the Court unless the party seeking discovery shall first advise the Court in writing that, after personal consultation and sincere attempts to resolve differences, the parties are unable to reach an accord. This statement shall recite those matters which remain in dispute, and, in addition, the date, time and place of such conference, and the names of all parties participating therein. It shall be the responsibility of counsel for the party seeking discovery to initiate such personal consultation.

As this rule plainly states, the Court will not take under consideration any motions to compel discovery where the party requesting the discovery does not initiate a conference with the opposite party in an attempt to mediate their discovery differences.

■ The request for production of documents was made in conjunction with the depositions scheduled for September 1 and 2, 1981. Defendants filed their objections to the request for production on August 27. At no time prior to or at the time of the depositions did the plaintiffs request a discovery conference to resolve the differences of opinion regarding the production of documents. Local Rule 3.04 makes it the responsibility of the party seeking discovery, in this case the plaintiffs, to initiate a discovery conference. As the facts herein demonstrate, plaintiffs disregarded this

duty in not even attempting to work out the dispute. Consequently, the plain language of Local Rule 3.04 prohibits the Court from reaching the merits of plaintiffs' argument, and the motion to compel discovery is denied.

The remaining prong of plaintiffs' motion to compel discovery relates to the deposition of Joseph Barnes. Plaintiffs' deposition of Joseph Barnes began on September 1, 1981 and was continued to the following morning. After approximately 40 minutes of testimony a dispute arose among the parties. Counsel for defendants interposed an objection, at which point plaintiffs' counsel terminated the deposition and departed from Oak Brook. Before leaving the deposition, defense counsel explained its position, and attempted to work out the problem.[5] However, plaintiffs' counsel left town instead and filed the motion *sub judice* with the Court.

This motion to compel discovery has generated a myriad of paper and motions, all of which have burdened the Court. In the original motion to compel discovery, plaintiffs' sought a blanket order compelling defendants to answer all questions pertaining to the relationship between Ace Hardware in Oak Brook and the Perrysburg and other warehouses and their employees. Local Rule 3.03 provides:

> Upon any motion for an order pursuant to Rule 37, Federal Rules of Civil Procedure compelling an answer or authorizing an inspection, the moving party shall include in his brief in support of said motion, immediately preceding the discussion and authorities relevant thereto, the interrogatory in full and any response thereto alleged to be evasive or incomplete, or the request for inspection, or the deposition notice, as may be appropriate; multiple items may precede a single argument if they present common or related issues of fact or law. If there has been no response to the request for discovery, or a complete failure to comply with such request, the moving party may append a copy of the interrogatories, document request or deposition notice as an exhibit to

---

**5.** Deposition of Joseph Barnes, pp. 20–29.

the brief in lieu of copying the same in the body of the brief.

The original motion did not set forth specific questions as required by Local Rule 3.03, as well as supporting authority related to each question. However, plaintiffs later filed a supplemental motion to compel discovery, in which the specific deposition questions were included as required by Local Rule 3.03. Nevertheless, this supplemental motion, while including the specific questions, omitted any case authority in support of their motion to compel.

In addition to this noncompliance with Local Rule 3.03, there is an issue as to whether plaintiffs initiated the discovery conference mandated by Local Rule 3.04. While the parties enumerated their positions with respect to the propriety of the individual questions, it does not appear that a subsequent discovery meeting was held.

Plaintiffs contest the necessity of a Rule 3.04 meeting due to the fact the discovery dispute took place in a person to person meeting. It also contended by plaintiffs that they made every effort to reconcile their differences in order to continue the deposition.

At this point in time the Court is disinclined to grant plaintiffs' motion to compel for a number of reasons. Initially, notwithstanding plaintiffs' argument concerning a Rule 3.04 conference, the Court believes some type of meeting should have been held in an effort to reach an understanding in order to continue the deposition. This could have been accomplished by temporarily adjourning the Barnes deposition, where, after exiting from the heat of argument, cooler heads and rational thought may have prevailed.

Secondly, the order of this Court granting defendant's motion to dismiss the class allegations of the complaint will have an effect on the questions asked and objections entered in many of the disputed areas of the deposition. In addition, the Court's ruling dismissing the class allegations moots defendant's argument concerning a limitation of the scope of discovery to the issue of class certification since there no longer is an issue pertaining to class certification.

The Court believes plaintiffs' conduct in deserting the deposition was improper. Rule 37(a)(2) does permit the examiner to adjourn the deposition to seek a motion to compel responses to questions. However, plaintiffs had the option to seek an immediate motion to compel in Federal Court in Illinois, and then continue the deposition, rather than terminating it. They chose not to do so.

Moreover, the depositions took place on September 1 and 2, 1981. The plaintiffs did not file their motion to compel discovery until November 24, 1981, nearly three full months after the conduct complained of. The parties did agree that depositions could be rescheduled on November 10 and 11, 1981, with the responsibility borne by plaintiffs to name the deponents. Yet, plaintiffs never came forward to nominate the individuals to be deposed, and as a consequence defendants were unable to keep their calendars clear for those dates.

The Court firmly believes that these facts militate against granting plaintiffs' motion. The dismissal of the class allegations will have an effect on the questions asked and objections tendered in many of the disputed areas of the deposition. Moreover, the issue of limitation of discovery to the subject or class certification is now moot. These reasons, in addition to plaintiffs' failure to adequately comply with Local Rules 3.03 and 3.04 justify a denial of the motion.

Plaintiffs also seek $610.96 as sanctions for defendant's alleged uncooperative conduct at the Oak Brook depositions. However, in view of plaintiffs' indiscriminate termination of the depositions and the denial of their motion to compel discovery, an award of expenses would be ill advised. Moreover, if plaintiffs wish to resume the depositions that were originally scheduled for September 1 and 2, 1981, said depositions must be held in Oak Brook. Plaintiffs chose to adjourn the depositions rather than completing the questioning, and therefore it would be improper to coerce the deponents to travel to Toledo for the resumption of the depositions. *Independent Productions*

*Corp. v. Loew's Inc.,* 27 F.R.D. 426 (S.D.N.Y.1961). Therefore, further depositions of any party scheduled to be deposed on September 1 or 2, 1981 are to be held in Oak Brook, Illinois, or any other location convenient to the deponent.

For the foregoing reasons,

IT IS ORDERED that plaintiffs' motion to amend the complaint is granted;

IT IS FURTHER ORDERED that defendant's motion to dismiss is granted with respect to the class action allegations;

IT IS FURTHER ORDERED that defendant's motion to dismiss is denied with respect to the § 1981 cause of action;

IT IS FURTHER ORDERED that plaintiffs' motion to compel discovery and for sanctions is denied;

IT IS FURTHER ORDERED that plaintiffs' motion to withdraw motion to supplement is granted.

